# ORIGINAL

1  WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
2  703 Market Street, Ste. 1407
   San Francisco, California 94103
3  Telephone (415) 675-7705
   Facsimile (415) 675-2530
4
   Attorney for Plaintiffs
5  LAVETTE SANDERS, individually and
   as guardian ad litem for the estate of
6  MICHAEL L. SANDERS

**FILED**

APR 1 1 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DIVISION

| | |
|---|---|
| LAVETTE SANDERS, individually and as guardian ad litem for the estate of MICHAEL L. SANDERS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a municipality; COUNTY OF FRESNO, a municipality; TASER INTERNATIONAL, INC., a corporation doing business in California; JERRY DYER, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 1: 05 CV 00469 AWI SMS <br><br> **COMPLAINT FOR:** <br><br> 1. WRONGFUL DEATH <br> 1. VIOLATION OF 42 U.S.C. §1983 <br> 2. ASSAULT AND BATTERY <br> 3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br> 4. NEGLIGENCE <br> 5. STRICT PRODUCTS LIABILITY <br> 6. BREACH OF EXPRESS WARRANTY <br> 7. BREACH OF IMPLIED WARRANTY AGAINST TASER <br> 8. MANUFACTURER'S NEGLIGENT MISREPRESENTATION <br> 9. FALSE IMPRISONMENT <br> 10. NEGLIGENT HIRING, SUPERVISION, |

1

BY FAX

AND TRAINING

JURY TRIAL DEMANDED

PLAINTIFFS DEMAND $25 MILLION

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 42 U.S.C. § 1983. This action presents federal questions pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiff's State law claims.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c). All of the claims arose in, and the acts complained of herein occurred in this District and gave rise to the claims alleged.

3. Plaintiff has complied with all the requirements to bring suit under California law, including filing an administrative claim pursuant to California Government Code §910, et seq.

## PARTIES

4. Plaintiff LAVETTE SANDERS ("Plaintiff" or "SANDERS") is an individual residing in Fresno, California. Plaintiff is also the administrator of the estate of MICHAEL L. SANDERS.

5. Defendant CITY OF FRESNO is a municipality within this Court's judicial district ("CITY"). CITY includes the Fresno Police Department. Defendant COUNTY OF FRESNO ("COUNTY") is a municipality located within this Court's judicial district.

6. Plaintiff is ignorant of the names of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Defendants CITY AND COUNTY have failed, despite repeated requests from PLAINTIFF's counsel, to provide PLAINTIFF with a police report of the incident of August 20, 2005. The requested report

includes the names of the other defendants involved in the wrongful death of PLAINTIFF's husband. Despite SANDERS' numerous requests, defendants have maliciously prevented her from obtaining the report, stating only that the "investigation is incomplete." Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and the damages caused thereby.

7.      Defendant Taser International Inc. ("TASER") is a corporation organized under the laws of the State of Arizona and it maintains its principal place of business in the State of Arizona. Defendant TASER is engaged in the business of producing and distributing energy devices for use in law enforcement, private security, and personal defense markets and sells its products in various states, including the State of California.

8.      Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend her complaint to state the true names and/or capacities of defendants DOES 1 through 10, inclusive, when they have been ascertained.

## STATEMENT OF FACTS

9.      Plaintiff's husband MICHAEL L. SANDERS was a 40 year old male who lived in Fresno, California. MICHAEL L. SANDERS made his living as a musician who performed as a soloist and as a member of various bands throughout Fresno. MICHAEL L. SANDERS graduated in May 2004 from California State University, Fresno. As a graduate, he achieved the dean's list and planned to teach music.

10. On Friday, August 20, 2004, Fresno police officers responded to a call made at the Sanders' home located at 4869 E. Oslin Ave in southeast Fresno. The police entered the premises and found MICHAEL L. SANDERS standing behind his wife, LAVETTE SANDERS, unclothed and holding his wife. MICHAEL L. SANDERS appeared disoriented.

11. The police officers decided to use excessive force to subdue MICHAEL L. SANDERS and began firing tasers at his naked body even though Fresno Police Department rules and other instructions require that the tasers not come in contact with human skin. Rather, the tasers are required and designed to come in contact with the clothing of a suspect. The model of Taser used by the Fresno police has two cartridges of darts that transmit a pulse of energy into the central nervous system to incapacitate a suspect. The weapons can also send a serious shock when jabbed against a suspect.

12. Upon arriving at the home of MICHAEL L. SANDERS, the officers fired numerous Taser darts into his body. The officers then handcuffed him, placed him face down on a gurney, suffocating him and placed him in an ambulance. SANDERS ultimately stopped breathing. One of the officers attempted cardiopulmonary resuscitation, but failed. SANDERS was pronounced dead at 4:30a.m.

13. The weapon and darts fired by the officers on the night of the incident were manufactured by TASER INTERNATIONAL INC., ("TASER") a corporation organized under the laws of the State of Arizona. Although TASER advertises its product as a safe, non-lethal alternative to firearms, its own literature undermines this claim. For example, individuals with pre-existing heart conditions are encouraged not to volunteer to be Tased. In fact, there is significant concern in the medical community regarding the danger of Tasers on excited, intoxicated individuals or those with pre-existing heart conditions, specifically that such individuals are more prone to the

Complaint - Sanders                                  4
12202614.1 - 4/8/2005 4:27:29 PM

adverse effects of Tasers, especially cardiac complications, including serious injury and even death in some instances.

## FIRST CAUSE OF ACTION

## WRONGFUL DEATH

## (AGAINST ALL DEFENDANTS AND DOES 1-10, INCLUSIVE)

14. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 13 herein.

15. Defendants and each of them committed unlawful acts that directly contributed to the loss of life of decedent MICHAEL L. SANDERS. Defendants and each of them knew of the risk of harm from Tasers in general, as well the risk of harm of using Tasers on a naked individual, including but not limited to severe pain, possible cardiac complications and even death. Defendants CITY OF FRESNO, COUNTY OF FRESNO, TASER and CHIEF DYER knew of the likelihood that MICHAEL L. SANDERS would suffer substantial harm from being Tased numerous times on his naked body. Defendants also knew of the likelihood that MICHAEL L. SANDERS would suffer great bodily harm, including but not limited to, severe pain or death by placing him face down on a gurney. This position asphyxiated him, thereby contributing to his death.

16. Plaintiff SANDERS brings this action as the duly appointed, qualified, and acting personal representative of the estate of MICHAEL L. SANDERS, on behalf of persons entitled to a cause of action for wrongful death of MICHAEL L. SANDERS, decedent.

17. As a proximate result of the acts of defendants and of the death of the decedent MICHAEL L. SANDERS, Plaintiff LAVETTE SANDERS has sustained pecuniary loss

1. resulting from the loss of society, comfort, attention, consortium, services and support of decedent.

18. As a proximate result of the acts of defendants and of the death of decedent MICHAEL L. SANDERS, Plaintiff has incurred burial and other related costs in excess of $20,000.00.

19. Due to defendants' gross negligence and reckless disregard in the performance of defendants' duties, plaintiffs are entitled to general and compensatory damages against defendants in excess of 25 million dollars.

## SECOND CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. §1983

## (AGAINST CITY, COUNTY AND OFFICERS)

20. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 19 herein.

21. Defendants CITY and COUNTY have a custom, policy or procedure of sending untrained and inexperienced officers, like those involved in this case, to a private residence to arrest someone and use taser equipment against them. This custom, policy, or procedure allows its officers to violate the constitutional rights of citizens, like MICHAEL L. SANDERS.

22. CITY and COUNTY have a custom, policy or procedure of failing to adequately train officers, like the ones involved in this incident, in how to use the taser equipment in a non-lethal manner that would not result in death of the person arrested. This custom, policy, or procedure allows its officers to violate the constitutional rights of citizens, like SANDERS.

23. In addition, CITY and COUNTY have also been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices against citizens in the community by the officer in its employ and/or under its supervision. Said pattern and practices have resulted in,

and continue to result in the wrongful injury of citizens, especially ethnic minority citizens, specifically Blacks, taken into custody in the City of Fresno. Despite said notice, CITY and COUNTY have demonstrated deliberate indifference to these patterns and practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent their continued perpetration by its police officers. This lack of adequate response by CITY and COUNTY demonstrates the existence of a custom or policy by CITY and COUNTY that tolerates and promotes the continued violation of civil rights of American citizens by the officers supervised by these defendants.

24. As a direct and proximate result of CITY's and COUNTY's customs, policies, and procedures described herein, plaintiff has suffered and continues to suffer all damages proximately caused, in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

## ASSUALT AND BATTERY

## (AGAINST CITY AND OFFICERS)

25. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 24 herein.

26. The police officers, on the night of the incident acted maliciously, intentionally, and in a reckless state of mind when they shot plaintiff with the taser guns. Such conduct is not in conformance with official police duties in this society. These acts constitute unlawful assault and battery against the plaintiff, for which plaintiff is also entitled to punitive damages.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST CITY, COUNTY AND OFFICERS)

27.   Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 26 herein.

28.   Plaintiff is informed and believes and thereon alleges that the officers' overzealous repeated shooting of MICHAEL L. SANDERS in front of LAVETTE SANDERS on the night of the incident constituted extreme and outrageous conduct, that such conduct was done with a reckless disregard of the likelihood that it would inflict severe emotional distress and that such conduct did, in fact, inflict severe emotional distress on plaintiff, for which plaintiff is also entitled to punitive damages.

### FIFTH CAUSE OF ACTION

### NEGLIGENCE

### (AGAINST CITY, COUNTY OFFICERS, DYER AND DOES 1-10)

29.   Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 28 as though fully set forth herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegation requesting punitive damages.

30.   CITY, COUNTY and DYER at all times mentioned herein owed a duty to the public, including plaintiff, to properly and adequately select, train, supervise, investigate, and discipline its police officers so as to avoid unreasonable risk of harm to citizens.

31.   CITY, COUNTY and DYER breached that duty by failing to properly and adequately select, train, retain, supervise, investigate and discipline its police officers, as described herein, thereby proximately causing the injuries to plaintiff.

Complaint - Sanders                                 8

12202614.tif - 4/8/2005 4:27:29 PM

32. The supervisory officials and employees of CITY and COUNTY (DOES 1-10) and DYER owed duties of care to the public, including plaintiff, including, but not limited to the following: a) duty to monitor the police officers in their units to assure that they adequately and properly use the taser equipment during the arrest of suspects.

33. CITY, COUNTY, DYER and DOES 1-10 breached these duties, thereby proximately causing the injuries to plaintiff.

34. CITY, COUNTY, DYER and DOES 1-10 had been given notice on repeated prior occasions of ongoing illegal and constitutional practices by its police officers, occurring during the arrest of ethnic minority citizens in the community, specifically African Americans. Because of their prior notice of this problem, said defendants owed duties to the ethnic minority citizens, specifically African Americans to assure fair treatment. However, CITY, COUNTY, DYER and DOES 1-10 failed to take adequate measures to assure that the ethnic minority citizens in the community were treated in accordance with constitutional mandates when being taken into their custody.

35. Because of the breaches of the duties owed to plaintiff by CITY, COUNTY, DYER and DOES 1-10, plaintiff has suffered and continues to suffer all damages proximately caused.

### SIXTH CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY
### (AGAINST TASER INTERNATIONAL)

36. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 35 herein.

37. Defendant TASER manufactured and distributed distributing energy devices for use in law enforcement, private security, and "personal defense." TASER distributed that product in

Complaint - Sanders 9

the State of California and elsewhere for the purpose and ultimate sale as energy devices for use in law enforcement, private security, and personal defense.

38.    When plaintiff sustained injuries mentioned above, the taser was in a defective condition unreasonably dangerous in that it would cause death of individuals arrested by law enforcement when the product was discharged against them by the officers. It was the duty of TASER to deliver the taser at the time of sale by them in a condition fit for use for the purpose intended. The breach of that duty by defendant and the defective condition of the taser was a proximate cause of the injuries sustained by MICHAEL L. SANDERS.

39.    As a direct result of the breach of duty by the defendant and the defective condition of the taser, MICHAEL L. SANDERS was killed by the product. Therefore, LAVETTE SANDERS is entitled to damages including punitive damages.

## SEVENTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

## (AGAINST TASER INTERNATIONAL)

40.    Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 39 herein.

41.    Defendant induced purchases of the tasers by expressly warranting by advertisements directed to the attention of the public and particularly to ultimate consumers, such as law enforcement, that those consumers could safely use the taser for the purpose of subduing suspects. Defendant TASER expressly warranted that the product was safe, would not cause injuries to police officers or individuals arrested by police officers, would actually reduce the risk of injury to police officers or those individuals arrested by police officers during and arrest,

1. and would not result in the death of those individuals that are subjected to be fired upon by the taser weapon manufactured by defendant.

42. Defendant's express warranties were not true and the taser was not safe or reasonably suitable and fit for the uses advertised by defendant to the public, including this plaintiff. Those breaches of express warranties by the defendant were a proximate cause of the plaintiff's accident and injuries as alleged in this complaint.

43. As a result of plaintiff's injuries, plaintiff seeks damages including punitive damages.

## EIGHT CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF FITNESS

## (AGAINST TASER INTERNATIONAL)

44. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 43 herein.

45. At the times mentioned in this action defendant designed and manufactured tasers for use by ultimate consumers as a mechanism to be used by law enforcement to subdue and arrest suspects.

46. Defendant impliedly warranted that the taser was fit for the purpose for which it was designed, that it was safe and suitable instrument to be used in law enforcement as a weapon to subdue individuals under arrest, and that the taser was fit and suitable for the use in fact made.

47. Plaintiff relied on defendant's skill and judgment and the implied warranty of fitness for the purpose for which it was used. The taser was not fit for use for its intended purpose and as a proximate result of defendant's breach of warranty of fitness of the taser, MICHAEL L. SANDERS was ultimately killed.

48. As a result of these injuries, LAVETTE SANDERS, individually and as guardian ad litem for the estate of MICHAEL L. SANDERS, seeks damages including punitive damages.

## NINTH CAUSE OF ACTION

## MANUFACTURER'S NEGLIGENT MISREPRESENTATION

## (AGAINST TASER INTERNATIONAL)

49. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 48 herein.

10. At all times mentioned in this action, defendant was engaged in the business of preparing, manufacturing, developing, testing, inspecting, packaging, labeling, advertising, merchandising, and distributing a product known as "taser".

51. At all times mentioned in this action, defendant distributed the taser product to law enforcement, private security, and personal defense markets in the State of California for use as a non-lethal weapon to subdue individuals placed under arrest.

52. Defendant, acting through its officers, agents, servants, representatives, or employees, negligently and recklessly misrepresented the following material facts regarding the quality and character of the taser product: defendant maintained that the taser product was a non-lethal weapon that can be used by law enforcement to arrest suspects without causing any physical harm or death. These misrepresentations were made under circumstances in which defendant, acting through its officers, agents, servants, representatives, or employees, either knew, or in the exercise of reasonable care should have known, that the various facts of those misrepresentations were not true or were not known to be true.

53. The misrepresentation alleged above were further reiterated and disseminated by defendant's officers, agents, servants, representatives or employees acting within the course and scope of their authority to merchandise and market the taser product.

54. These misrepresentations concerning the taser product were set forth in advertising circulars delivered by defendant to the general public in the State of California and to the various law enforcement agencies in the State of California, including the City of Fresno Police Department.

55. The Fresno Police Department was one such public entity that purchased the product.

56. While Fresno Police Department used the product for the purpose of subduing and arresting suspects during an arrest in accordance with defendant's printed instructions, MICHAEL L. SANDERS was injured and ultimately killed by use of the taser product.

57. The contents of the taser product were a direct and proximate cause of the above injuries suffered by MICHAEL L. SANDERS. PLAINTIFF is informed and believes and thereon alleges that except for defendant's representations concerning the safety of the product, the Taser product would never have been used on MICHAEL L. SANDERS. Except for the falsity of defendant's representations, neither MICHAEL L. SANDERS nor LAVETTE SANDERS would have sustained the injuries alleged above.

## NINTH CAUSE OF ACTION – FALSE ARREST
## (AGAINST CITY, COUNTY, DYER AND DOES 1-10)

58. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 57 herein.

Complaint - Sanders 13

59. Plaintiff is informed and believes and thereon alleges that defendants intentionally and unlawfully exercised force to restrain, detain or confine MICHAEL L. SANDERS. Specifically, the responding officers used Tasers to effect such restraint.

60. Plaintiff is informed and believes and thereon alleges that defendants, through said restraint, compelled MICHAEL L. SANDERS to stay somewhere for an appreciable period of time.

61. Plaintiff is informed and believes and thereon alleges that MICHAEL L. SANDERS did not consent to the restraint, detention or confinement.

62. Plaintiff is informed and believes and thereon alleges that the restraint, detention or confinement caused MICHAEL L. SANDERS to suffer severe pain and death and LAVETTE SANDERS to suffer the loss of society, companionship, support, consortium and services of MICHAEL L. SANDERS.

63. Plaintiff is informed and believes and thereon alleges that the losses suffered by MICHAEL L. SANDERS and LAVETTE SANDERS are the proximate result of defendants' acts.

## TENTH CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING AND SUPERVISION

## (AGAINST ALL DEFENDANTS)

64. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 63 herein.

65. Defendants and each of them owed MICHAEL L. SANDERS a duty to:

    (a) use reasonable care in the hiring, training, supervising and retention of its employees and managers;

    (b) reasonably investigate claims of discrimination or harassment; and

    (c) take immediate corrective action once discrimination or harassment was reported.

Complaint - Sanders      14

12202614|tf - 4/8/2005 4:27:29 PM

66. Defendants, and each of them, knew or should have known of the ongoing threatening, discriminatory and harassing conduct by the responding officers, DYER and DOES 1-10 against individuals like MICHAEL L. SANDERS. Defendants CITY, COUNTY, DYER and DOES 1-10 negligently failed to investigate these officers prior to hiring which would have revealed prior threatening conduct and/or failed to train and supervise DYER, DOES 1-10 and the responding officers, to prevent such conduct.

67. Further, Defendants CITY, COUNTY, DYER and DOES 1-10, and each of them, after they became aware of the threatening, harassing and discriminatory conduct of DYER, DOES 1-10 and the responding officers, negligently failed to correct such conduct and negligently retained DYER, DOES 1-10 and the responding officers, allowing this threatening, harassing and discriminatory conduct to persist

68. By failing to exercise reasonable care in the hiring, selection and training of DYER, DOES 1-10 and the responding officers, Defendants CITY, COUNTY, DYER and DOES 1-10 and each of them breached their duty to MICHAEL L. SANDERS and LAVETTE SANDERS.

67. As a direct and proximate result of the negligent conduct of defendants, and each of them, MICHAEL L. SANDERS suffered extreme pain and death, and LAVETTE SANDERS suffered emotional distress from witnessing defendants' acts and continues to suffer from the loss of companionship, society, comfort, attention, consortium, support and services of MICHAEL L. SANDERS, all in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE; Plaintiff prays for relief as follows:

1. Plaintiff hereby demands trial by jury;

2. For general and special damages in the amount of 25 million dollars;

Complaint - Sanders                          15

3. For punitive damages against CITY and COUNTY in an amount sufficient to punish them and deter them from future misconduct and to make an example for others;

4. For punitive damages against TASER in an amount sufficient to punish them and deter them from future misconduct and to make an example for others;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988

6. For costs of suit incurred herein;

7. For such other and further relief as the Court may deem just and proper.

Dated: April 8, 2005

LAW OFFICES OF WAUKEEN McCOY

By_____

WAUKEEN Q. McCOY
ATTORNEY FOR PLAINTIFF
LAVETTE SANDERS, individually, and as guardian ad litem for the ESTATE OF MICHAEL L. SANDERS

3. For punitive damages against CITY and COUNTY in an amount sufficient to punish them and deter them from future misconduct and to make an example for others;

4. For punitive damages against TASER in an amount sufficient to punish them and deter them from future misconduct and to make an example for others;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988

6. For costs of suit incurred herein;

7. For such other and further relief as the Court may deem just and proper.

Dated: April 8, 2005

LAW OFFICES OF WAUKEEN McCOY

By _____
WAUKEEN Q. McCOY
ATTORNEY FOR PLAINTIFF
LAVETTE SANDERS, individually, and as guardian ad litem for the ESTATE OF MICHAEL L. SANDERS

Complaint - Sanders                                         16