Bruce D. Praet, SBN 119430
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300    FAX (714) 953-1143
bpraet@law4cops.com

Attorneys for Defendants, CITY OF FRESNO and JERRY DYER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVETTE SANDERS, individually and as guardian ad litem for the estate of MICHAEL L. SANDERS<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, a municipality, COUNTY OF FRESNO; TASER INTERNATIONAL, INC., a corporation doing business in Califomia; JERRY DYER, an individual; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No. 1:05-CV-00469-AWI (SMS)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND FOR A MORE DEFINITE STATEMENT**<br><br>[F.R.Civ.P., Rule 12b(6) and (e)]<br><br>DATE:   July 25, 2005<br>TIME:   1:30 p.m.<br>ROOM:  3<br><br>[Public Entity exempt from filing fees, Government Code § 6103] |

TO: PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants, City of Fresno and Jerry Dyer will and do move the Court for an order dismissing the Fifth, Ninth and Tenth causes of action from Plaintiff's Complaint in this action with prejudice pursuant to F.R.Civ.P., Rule12b(6) and for a more definite statement regarding the remainder of the Complaint pursuant to Rule 12(e). The hearing on said motion will take place on July 25, 2005, at 1:30 p.m., in Courtroom 3 of the above-entitled court located at 1130 "O" Street, Fresno, California, 93721.

///

///

1

1     This motion is based upon all of the pleadings and records in this file in conjunction with
2 any oral argument made at time of hearing. The basis of such motion is that:
3     1. The Fifth, Ninth and Tenth causes of action in Plaintiff's Complaint fails to state a
4 claim against any of these Defendants.
5     2. The remainder of Plaintiff's Complaint lacks sufficient clarity for these Defendants to
6 prepare a meaningful response.

Dated: May 31, 2005

FERGUSON, PRAET & SHERMAN
A Professional Corporation

By:    /s/Bruce D. Praet
Bruce D. Praet, Attorneys for Defendants
City of Fresno and Jerry Dyer

**MEMORANDUM OF POINTS & AUTHORITIES**

1. **PREFATORY STATEMENT.**

Although portions of Plaintiff's Complaint are somewhat difficult to decipher, it is apparent that this lawsuit arises out of an incident in which Fresno police officers were called to a domestic violence situation in progress on August 20, 2004. When officers confronted a naked Michael Sanders, high on cocaine and holding his wife, Lavette Sanders, with a knife, officers exercised restraint by attempting to subdue Mr. Sanders with a TASER instead of the otherwise justified deadly force. While the evidence will ultimately show that neither the officers nor the TASER caused the death of Michael Sanders, it is true that he died shortly after this violent confrontation.

Thus, within the limited context of the initial pleadings, it is clear that certain causes of action will eventually survive. However, from the limited perspective of the City of Fresno and Police Chief Jerry Dyer, Plaintiff's Fifth, Ninth and Tenth causes of action[1] may not survive and further clarification of the remaining allegations will become necessary for these Defendants to file a meaningful response to those causes of action which might survive the pleading stage.

2. **PLAINTIFF'S FIFTH AND TENTH CAUSES OF ACTION FOR VARIOUS FORMS OF NEGLIGENCE MAY NOT SURVIVE.**

Although labeled slightly differently, Plaintiff's Fifth cause of action ["Negligence"] and Tenth cause of action ["Negligent Hiring, Training and Supervision"], are little more than minor variations of pure "negligence". Unfortunately, the California Supreme Court recently made it clear that no cause of action for "negligence" in any form may be alleged against public entity defendants absent a very specific statute imposing a requisite duty upon that entity. Eastburn v. Regional Fire Prot. Auth. (2003) 31 Cal.4th 1175, 1183.

///

///

---

[1] Although the titles of the causes of action numbered in the caption of the Complaint do not correspond to the titles of the causes of action set forth within the Complaint, Defendants will be referencing the numbers and titles set forth within the Complaint rather than caption.

While, in the past, general and even some creative "negligence" claims against public entities occasionally survived under common law theories and the general duty of care set forth in Civil Code § 1714, the California Supreme Court has now made it absolutely clear:

> *"Tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code § 1714."*
>
> Eastburn v. Regional Fire Prot. Auth. (2003) 31Cal.4th 1175, 1183.

Finally putting to rest years of confusion over negligence claims, the Court recognized that no liability may be imposed upon a public entity "except as otherwise provided by statute". Government Code § 815. No matter how Plaintiff attempts to label the Fifth and/or Tenth causes of action (e.g. negligent training, etc.), Plaintiff has not and cannot cite to any specific statutory authority imposing any duty on these public entity Defendants.

Because the law of "negligence" against public entity defendants in California is now rather straightforward and clear, Plaintiff's Fifth and Tenth causes of action simply cannot survive and must be dismissed with prejudice.

### 3. **PLAINTIFF'S FOURTH, FIFTH, NINTH AND TENTH CAUSES OF ACTION ARE BARRED BY FAILURE TO COMPLY WITH THE CLAIMS REQUIREMENTS.**

On or about September 13, 2004, Plaintiff filed a tort claim with the City of Fresno as a mandatory condition precedent to maintaining any state tort claims pursuant to Government Code § 910, et.seq. [See copy of tort claim attached hereto as Exhibit "1"]. Although represented by counsel at the time, this rather skeletal claim alleges nothing more than that "Michael Sanders died after jolts from the Tasers fired upon him by Fresno police officers".

While this minimal allegation might arguably place Fresno defendants on some sort of notice of a potentially forthcoming "Wrongful Death" cause of action [First cause of action] and maybe even some sort of "Assault & Battery" cause of action [Second (sic) cause of action], any reference to "Negligence" [Fifth and Tenth causes of action], "Intentional Infliction of Emotional

4

Distress" [Fourth cause of action], or "False Arrest" [Ninth cause of action] is conspicuously missing from the claim.

California's courts have consistently interpreted the Tort Claims Act to bar actions alleging matters not included in the claim filed with the public entity and a demurrer [i.e. 12b(6) motion] on such grounds shall be sustained without leave to amend. <u>State ex rel Department of Transportation v. Superior Court</u>, (1984) 159 Cal.App.3d 331, 336.

Any attempt to suddenly introduce a multitude of causes of action nowhere before mentioned in the original claim epitomizes the rationale for courts consistently dismissing such new theories of liability. As far back as <u>Nelson v. State</u>, (1982) 139 Cal.App.3d 72, 79, the court noted that:

> "If a plaintiff relies on more than one theory of recovery against the
> State, each cause of action must have been reflected in a timely
> claim. In addition, the factual circumstances set forth in the
> written claim must correspond with the facts alleged in the
> complaint; even if the claim were timely, the complaint is
> vulnerable to demurrer if it alleges a factual basis for recover
> which is not fairly reflected in the written claim."

Although Plaintiff's initial claim is completely devoid of any suggestion that she (i.e. decedent's wife) was anywhere near decedent at the time of his confrontation with officers, Plaintiff now suddenly adds such a critical fact to her Complaint [see ¶ 10] and in support of her newly added Fourth cause of action for Intentional Infliction of Emotional Distress. Quite frankly, the same is true with regard to a complete absence of reference to such recently added theories of "negligence" [Fifth and Tenth causes of action] and "False Arrest" [Ninth cause of action]. There was absolutely nothing regarding these recently added theories set forth in the claim which could have even remotely fulfilled the purpose of the claims act, which is intended to give the governmental agency an opportunity to investigate and evaluate its potential liability. <u>Fall River Joint USD v. Superior Court</u>, (1988) 206 Cal.App.3d 431, 435-36.

///

While many litigants have attempted to raise a defense of substantial compliance when various forms of negligence or other theories were modified between the claim and the complaint, the courts have strictly construed the mandatory provisions of the Tort Claims Act. In <u>Watson v. State</u>, (1993) 21 Cal.App.4th 836, 844, plaintiffs' claim alleged that the state had refused to provide medical care. When their First Amended Complaint alleged that the state had "failed to provide adequate and appropriate medical care", the court determined that the variance between the claim and the complaint was fatal and the demurrer was sustained without leave to amend. [See also: <u>Donahue v. State</u>, (1986) 178 Cal.App.3d 795, 804 - negligence in permitting a driving test <u>not</u> the same as negligently failing to control a driving test.]

Notwithstanding that the mandatory provisions of the Tort Claims Act are strictly construed, even the most liberal interpretation of Plaintiff's claim cannot include "negligence", "intentional infliction of emotional distress" or "false arrest" as a theories of liability. Plaintiff's claim makes absolutely no reference to anything other than decedent having died from "jolts from a Taser" and does not even contain a factual inference which might suggest an intent to bring anything other than causes of action against these Defendants for "wrongful death" and/or "assault and battery".

The period for Plaintiff to file a timely claim has long since passed and Plaintiff can no longer amend the current claim or Complaint to now include new tort theories of liability for "negligence", "intentional infliction of emotional distress" or "false arrest". Thus, in addition to the aforementioned fact that Plaintiff's "negligence" causes of action must separately fail, the Fourth, Fifth, Ninth and Tenth causes of action must also be dismissed with prejudice for Plaintiff having failed to comply with the mandatory provisions of California's Tort Claims Act.

**4.    REMAINING ASPECTS OF PLAINTIFF'S COMPLAINT MUST BE CLARIFIED.**

In addition to the numbering problem with the various causes of action set forth between the caption and the body of the Complaint, this initial pleading suffers from other errors which will make it difficult for these Defendants to file a meaningful response. <u>F.R.Civ.P.</u>, Rule 12(e).

///

1    For example, within Plaintiff's Second (sic) cause of action for "Assault and Battery", it
2    is alleged that there was an "assault and battery against plaintiff". However, while Plaintiff
3    identifies herself as both an "individual" and "guardian ad litem" (sic)[2] of decedent's estate, there
4    are no facts which would suggest that Plaintiff herself was the subject of an assault and battery as
5    seemingly alleged. While it is likely that Plaintiff is attempting to allege some sort of survival
6    action on behalf of decedent, these Defendants prefer not to make such presumptions in
7    responding to pleadings.
8        As further evidence of Plaintiff's boilerplate allegations of "negligence" (i.e. without any
9    requisite statutory duty), the Fifth cause of action names the "County", but fails to differentiate
10   between or even describe the conduct of either the City or County seemingly giving rise to the ill-
11   defined "negligence" alleged in the Complaint.
12       While it is likely that some aspects of Plaintiff's Complaint will undoubtedly survive this
13   initial challenge, any amended pleading must be made sufficiently specific to allow these
14   Defendants to file a meaningful response.

### 5. CONCLUSION.

Since the Sixth, Seventh, Eighth and the first of two Ninth causes of action do not apply to these Defendants, it is respectfully requested that Plaintiff's Fourth, Fifth, (second of two) Ninth and Tenth causes of action be dismissed with prejudice. Thereafter, these Defendants ask that Plaintiff be required to amend any remaining causes of action sufficiently for the filing of a meaningful response.

Dated: May 31, 2005                FERGUSON, PRAET & SHERMAN
                                   A Professional Corporation

                                   By:   /s/Bruce D. Praet
                                   Bruce D. Praet, Attorneys for
                                   Defendants, City of Fresno and Jerry Dyer

---

[2] In California, any individual representing the estate of a decedent is the "Administratrix" rather than a "Guardian ad Litem".

7

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Cathy Sherman, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On May 31, 2005, I served the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND FOR A MORE DEFINITE STATEMENT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Waukeen Q. McCoy, Esq.
LAW OFFICES OF WAUKEEN McCOY
703 Market Street, Ste. 1407
San Francisco, CA 94111

XXX (By Mail) I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 31, 2005, at Santa Ana, California.

                                                   /s/Cathy Sherman
                                                 Cathy Sherman