IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVETTE SANDERS, individually and as guardian ad litem for the estate of Michael Sanders,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF FRESNO a municipality; THE COUNTY OF FRESNO, a municipality; TASER INTERNATIONAL, Inc. a corporation doing business in California; JERRY DYER, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CIV F 05-0469 AWI SMS<br><br>ORDER ON COUNTY OF FRESNO'S MOTION TO STRIKE OR DISMISS AND VACATING HEARING ON SAME |

    This is a civil action for damages pursuant to 42 U.S.C. § 1983 and California state law in connection with the death of Michael Sanders. The County of Fresno brings this motion to strike or dismiss Plaintiff's allegations for punitive damages.

## LEGAL STANDARDS

*Rule 12(f)*

    Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that

arise from litigating spurious issues by dispensing with those issues prior to trial.  See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).   Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded."  Fantasy, Inc., 984 F.2d at 1527.  Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question."  Fantasy, Inc. 984 F.2d at 1527.  Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party.  See id.  Motions to strike are generally viewed with disfavor and are not frequently granted.  See Bassiri v. Xerox Corp., 292 F. Supp.2d 1212, 1220 (C.D. Cal. 2003). Courts must view the pleading under attack in the light more favorable to the pleader.  See id.  Accordingly, "motions to strike should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation."  Gay-Straight Alliance Network v. Visalia Unified School Dist., 262 F.Supp.2d 1088, 1099 (E.D. Cal. 2001).  Nevertheless, a motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law.  See Gay-Straight Alliance Network, 262 F.Supp.2d at 1110-11; Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996); see also Nurse v. United States, 226 F.3d 996, 1004-1005 (9th Cir. 2000); Bassiri, 292 F.Supp.2d at 1224.

## DISCUSSION

*The County of Fresno's Motion*

The County argues that as a matter of both California tort law and pursuant to 42 U.S.C. § 1983, a public entity cannot be held liable for punitive damages.  Because punitive damages are unavailable as a matter of law, Plaintiff's claim for punitive damages should be stricken.

*Opposition*

Plaintiff argues that a municipality is not entirely immune from punitive damages as "municipalities may pay punitive damages in some circumstances." Bell v. Clackamas County, 341 F.3d 858, 868 (9th Cir. 2003). California Government Code section 825(b), authorizes a municipality to pay a punitive damages award against an employee who acted in good faith and was within the scope of his or her employment. Plaintiff argues that she should be allowed to maintain her punitive damages claim against the City in the event the City agrees to pay for any punitive damages assessed against the officers.

### A.     Punitive Damages Under 42 U.S.C. § 1983

Plaintiff's opposition addresses the City and not the County. Nevertheless, Plaintiff's argument is without merit. It is more than clear that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); see also Bell, 341 F.3d at 868 n.4; Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 (9th Cir. 1999); Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996); Davis v. Mason County, 927 F.2d 1473, 1485 n.6 (9th Cir. 1991); Cornwell v. City of Riverside, 896 F.2d 398, 399 (9th Cir. 1990); Gay-Straight Alliance Network, 262 F.Supp.2d at 1110-11.

Plaintiff's reliance on *Bell* is misplaced. *Bell* states:

> Although municipal defendants are immune from liability for punitive damages under § 1983, see City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 . . . (1981), municipalities may pay punitive damages in some circumstances. Cf. Cal. Gov't Code § 825 (b) (authorizing a public entity to pay a punitive damages award against an employee if the employee acted in good faith and within the scope of his or her public employment).

Bell, 341 F.3d at 868 n.4. *Bell* is in line with the Supreme Court's punitive damages prohibition in *City of Newport*. The footnote merely points out that a municipality may pay a punitive damages award, it does not say that municipalities are liable or may be found liable under § 1983. More to the point, the footnoted comment in *Bell* is in the context of a discussion on a district court's ability to reduce an award for punitive damages based on the defendant's ability to pay and the possible indemnification by a county. See Bell, 341 F.3d at 868 ("Similarly, to the

degree that the defendants seek reduction of punitive damages because of their inability to pay, any indemnification by the County for the payment of such damages n4 may be taken into account."). The comment does not deal with a judgment against a municipality for punitive damages under 42 U.S.C. § 1983.

Finally, California Government Code 825(b) reads in relevant part:

(b) Notwithstanding subdivision (a)[1] or any other provision of law, a public entity is authorized to pay that part of a judgment that is for punitive or exemplary damages if the governing body of that public entity, acting in its sole discretion except in cases involving an entity of the state government, finds all of the following: [the judgment is based on conduct within the course and scope of the employee's employment, the employee's conduct was in good faith, and payment is in the best interest of the public entity].

Cal. Gov't Code § 825(b). Section 825(b) gives a municipality's governing body the discretion to indemnify an employee for a judgment of punitive damages against that employee if the body finds that certain criteria are met. See Cal. Gov't Code § 825; Navarro v. Block, 250 F.3d 729, 732-33 & n.2 (9th Cir. 2001). Section 825(b) speaks to judgments against the employee, not the municipality itself. See Cal. Gov't Code § 825. Whether a municipality utilizes its discretion to pay a punitive damages award against an employee is a matter between the employee and the municipality. See id. Section 825(b) does not aid Plaintiff.

**B.     Punitive Damages Under California Law**

Plaintiff does not address the County's argument that punitive damages may not be imposed under California law as per Government Code § 818. Section 818 provides: "Absence of liability for exemplary and punitive damages: Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." Cal. Gov't Code § 818. "In context [section 818,] means that . . . a plaintiff who alleges injury

---

[1] Section 825(a) provides in relevant part, "Nothing in this section authorizes a public entity to pay that part of a claim or judgment that is for punitive or exemplary damages." Cal. Gov't Code § 825(a).

4

caused by a public entity may be entitled to actual damages for that injury, but not punitive damages." Kizer v. County of San Mateo, 53 Cal.3d 139, 145 (1991); Marron v. Superior Court, 108 Cal.App.4th 1049, 1059 (2003).

> Section 818 of the Government Code, in referring to 'damages imposed primarily for the sake of example and by way of punishing the defendant' contemplates . . . punitive damages [that] are designed to punish the defendant rather than to compensate the plaintiff. Punitive damages are by definition in addition to actual damages and beyond the equivalent of harm done.

State Dept. of Corrections v. Workmen's Comp. App. Bd., 5 Cal.3d 885, 891 (1971); Marron, 108 Cal.App.4th at 1060.

Here, Plaintiff prays for the following relief in her complaint: "For punitive damages against CITY and COUNTY in an amount sufficient to *punish* them and deter them from future misconduct and to make an *example* for others." Plaintiff's Original Complaint at 16:1-3 (emphasis added). This prayer clearly prays for punitive damages to punish and make an example of the County and the City, which is improper. See Cal. Gov't Code 818; Kizer, 53 Cal.3d at 145; State Dep't of Corrections, 5 Cal.3d at 891; Marron, 108 Cal.App.4th at 1059-60.

## CONCLUSION

Plaintiff prays for punitive damages against both the City and the County of Fresno. The only federal cause of action plead is 42 U.S.C. § 1983. However, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport, 453 U.S. at 271; Bell, 341 F.3d at 868 n.4; Ruvalcaba, 167 F.3d at 524; Mitchell, 75 F.3d at 527; Davis, 927 F.2d at 1485 n.6; Cornwell, 896 F.2d at 399; Gay-Straight Alliance Network, 262 F.Supp.2d at 1110-11. Also, Plaintiff prays for punitive damages against the City and County in order to punish and make an example of them to deter others. However, "a public entity is not liable for [punitive] damages imposed primarily for the sake of example and by way of punishing the defendant." Cal. Gov't Code § 818; Kizer, 53 Cal.3d at 145; State Dep't of Corrections, 5 Cal.3d at 891; Marron, 108 Cal.App.4th at 1059-60. It is appropriate under Rule 12(f) to strike a prayer for

5

relief where the damages sought are not recoverable as a matter of law. See Nurse, 226 F.3d at 1004-05; Bassiri, 292 F.Supp.2d at 1224; Gay-Straight Alliance Network, 262 F.Supp.2d at 1110-11; Bureerong, 922 F. Supp. at 1479 n.34. The motion to strike was filed on behalf of the County, but the Plaintiff's opposition addresses punitive damages against the City. The above principles apply equally to both the City and the County as both are municipalities/public entities. See Cal. Gov't Code § 811.2 (definition of "public entity" includes both a "county" and a "city"); City of Newport, 453 U.S. at 271 (prohibiting punitive damages against a city under § 1983); Mitchell, 75 F.3d at 527 (prohibiting punitive damages against a county under § 1983). Thus, it is appropriate to strike the claims for punitive damages against both the City and the County of Fresno.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant County of Fresno's Motion to Strike is GRANTED;
2. All claims for punitive damages against the County of Fresno and the City of Fresno made in Plaintiff's original complaint are stricken with prejudice; and
3. Given this order, the July 11, 2005, hearing on the County of Fresno's motion to strike or dismiss is VACATED as moot.

IT IS SO ORDERED.

**Dated:   July 6, 2005**            **/s/ Anthony W. Ishii**
0m8i78                               UNITED STATES DISTRICT JUDGE