1  Bruce D. Praet,  SBN 119430
   Teresa L. Judd, SBN 233005
2  FERGUSON, PRAET & SHERMAN
   A Professional Corporation
3  1631 East 18th Street
   Santa Ana, California  92705
4  (714) 953-5300    FAX (714) 953-1143
   bpraet@law4cops.com
5
   Attorneys for Defendants, CITY OF FRESNO and JERRY DYER
6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  LAVETTE SANDERS, individually and as      )   Case No. 1:05-CV-00469-AWI (SMS)
    guardian ad litem for the estate of MICHAEL L.  )
12  SANDERS                                    )   **DEFENDANTS' REPLY TO**
                                               )   **PLAINTIFF'S OPPOSITION TO**
13                  Plaintiffs,                )   **DEFENDANTS' MOTION TO**
                                               )   **DISMISS**
14          vs.                                )
                                               )   **DATE:   July 25, 2005**
15  CITY OF FRESNO, a municipality, COUNTY OF  )   **TIME:    1:30 p.m.**
    FRESNO; TASER INTERNATIONAL, INC., a       )   **ROOM:  3**
16  corporation doing business in Califomia; JERRY )
    DYER, an individual; and DOES 1 through 10,  )   **[Public Entity exempt from filing**
17  inclusive.                                 )   **fees, Government Code § 6103]**
                                               )
18                  Defendants.                )
                                               )
19  _____      )

20              **MEMORANDUM OF POINTS & AUTHORITIES**

21      **1.      THE CITY OF FRESNO IS NOT A PROPER DEFENDANT BASED ON**

22              **VICARIOUS LIABILITY ONLY.**

23          In her Opposition, Plaintiff concedes that Defendant is "correct that California

24  Government Code Section 815 provides that a public entity cannot be sued 'except otherwise

25  provided by statute.'"  (See, Plaintiff's Opposition at p. 2, ¶ 1.)  However, Plaintiff contends that

26  the only liability asserted against the City of Fresno is not direct but vicarious, and erroneously

27  argues that California Government Code Section 815.2(a) is the "specific statute that allows a

28  ///

                                            1

1  plaintiff to sue a public entity for torts committed by the public entity's employee." Id. Clearly,

2  Plaintiff is misguided.

3      Firstly, Plaintiff's Fifth [sic] and Tenth [sic] causes of action against the City for various

4  forms of negligence assert that the City of Fresno *itself* breached a duty owed to Plaintiff and her

5  decedent, which caused them injuries. (See, Plaintiff's Complaint, ¶¶ 30, 31, 33, 35, 65, 68.)

6  Clearly, in these claims Plaintiff is asserting *direct* liability against the City of Fresno, rather than

7  vicarious liability. She does so without specifically providing a statutory basis for such liability,

8  which is impermissible under Section 815**.**

9      Secondly, Section 815.2 of the Government Code does not in any way impose direct

10 liability on public entities, as Plaintiff claims, nor does it suggest a duty of care that would result

11 in such liability. To reiterate, Plaintiff has not alleged, and cannot allege, a specific statute

12 imposing an underlying duty necessary to state a negligence claim against the City of Fresno. As

13 fully discussed in Defendants' Motion to Dismiss, under the precedent set forth in Eastburn v.

14 Regional Fire Prot. Auth., 31 Cal.4th 1175, 1183 (2003), Plaintiff simply cannot maintain these

15 claims against the City.

16     The cases Plaintiff cites in her Opposition are not at all on point, were decided prior to

17 Eastburn, and, more importantly, do not support a statutory basis for public entity liability under

18 Section 815.2(a). For example, in Thomas v. City of Richmond, 9 Cal. 4th 1154 (1995), the

19 Court found direct liability against the public entity was imposed by a *specific* statute (Vehicle

20 Code Section 17001), which of course superceded the immunity provided by Section 815. In

21 Huff v. Vacaville Unified School District, 19 Cal. 4th 925 (1998), the Court held that *no liability*

22 should be imposed on the public entity under Section 815.2 for an injury caused to a non-student

23 due to an employee's negligent supervision of students. And lastly, in Adams v. City of

24 Fremont, 68 Cal. 4th 243, 264 (1998), the Court held that although a police officer was liable to

25 the same extent as a private person, absent statutory immunity, he nonetheless had no legal duty

26 of care to prevent a citizen from committing suicide. These are the only cases Plaintiff cites in

27 her Opposition to support her tort claims against the City of Fresno, and clearly they do not

28 overcome the precedent set forth in Eastburn.

1    Defendants concede that in the unlikely event a City of Fresno employee is found liable

2    to Plaintiff, the City could be vicariously liable for those actions, if any, made within the scope of

3    his or her employment.  California Government Code § 815.2(a).  However, the doctrine of

4    respondeat superior does not make the City a proper defendant in these separate causes of action

5    asserted by Plaintiff.  "The liability of the employer only attaches if and when it is adjudged that

6    the employee was [liable]."  Munoz v. City of Union, 120 Cal.App.4th 1077, 1113 (2004).  Since

7    that time is not yet upon us in this case, Defendants respectfully request the Court grant their

8    request to dismiss these negligence claims against the City.

9                    **2.**     **PLAINTIFF'S TORT CLAIM DID NOT SUBSTANTIALLY COMPLY**

10                            **WITH THE CALIFORNIA TORTS CLAIMS ACT**

11    As fully discussed in Defendants' Motion to Dismiss, notwithstanding that the mandatory

12    provisions of the Tort Claims Act are strictly construed, even the most liberal interpretation of

13    Plaintiff's claim cannot include "negligence," "intentional infliction of emotional distress," or

14    "false arrest" as theories of liability.  Plaintiff argues she substantially complied with the Tort

15    Claims Act, however, this is not the case.  Again, the cases cited by Plaintiff in her Opposition

16    are not at all on point with the case at bar, as the tort claims referenced in the cases cited were

17    much more comprehensive than the skeletal claim Plaintiff filed with the City of Fresno.

18    First and foremost, White v. Superior Court, 225 Cal.App.3d 1505 (1991), did not at all

19    involve a "situation nearly identical to this case," as Plaintiff claims.  In White, the tort claim at

20    issue stated that the plaintiff had been "*falsely arrested* and imprisoned, *brutally beaten* by the

21    officer [and] *denied medical assistance* at the scene."  It also asserted that as a "*proximate cause*

22    of the officer's deliberate behavior, [the plaintiff] suffered, and continue[d] to suffer *physical and*

23    *mental injuries*," in addition to lost work.  Id. at p. 1507 (emphasis added).

24    Clearly the tort claim in White provided much more than a "general description" of not

25    only the facts underlying the plaintiff's claims and her causes of action, but also of the injuries

26    that she alleged were proximately caused by the defendant's actions.  When compared to the

27    details of the tort claim in White, it is even more apparent that Plaintiff's tort claim, despite its

28    preparation by legal counsel, was sadly lacking in both substantive information and allegations

3

1   sufficient to support the various causes of action asserted in the Complaint.

2       In another case cited by Plaintiff, <u>Stockett v. Association of California Water Agencies</u>,

3   34 Cal. 4th 441 (2004), the underlying facts are completely distinguishable from the case at bar.

4   In <u>Stockett</u>, the plaintiff's tort claim asserted only one theory to support his wrongful termination

5   cause of action, while his Complaint asserted two theories to support the same single cause of

6   action.  <u>Id</u> at p. 447.  The Court held the tort claim at issue was sufficient to notify the public

7   entity employer of Plaintiff's wrongful termination claim.  Its rationale was that even one theory

8   asserting wrongful termination was adequate notification since, "additional theories do not

9   represent additional causes of action and hence need not be separately presented under § 954.3."

10  <u>Id.</u>

11      Here, Plaintiff's Complaint is not just asserting additional theories to support a cause of

12  action previously listed in her tort claim - she is asserting completely new and different causes of

13  action not at all referenced in her claim.  The <u>Stockett</u> Court explained that the purpose of Gov't

14  Code §§ 910 and 954.4 is to "provide a public entity with sufficient information to enable it to

15  adequately investigate claims and to settle them, if appropriate, without the expense of

16  litigation."  <u>Id.</u>  As fully discussed in Defendant's Motion to Dismiss, not only did Plaintiff fail to

17  assert even one adequate cause of action against Defendants in her tort claim, she also failed to

18  describe facts sufficient to put the City of Fresno on notice of any claim other than perhaps an

19  assault and battery claim and/or wrongful death claim.  Certainly, Plaintiff's elementary

20  allegation that the decedent died from "jolts from a Taser" did not sufficiently put the City on

21  notice of her later claims for "negligence," "intentional infliction of emotional distress," or "false

22  arrest."

23      Again, there was absolutely nothing regarding these recently added causes of action set

24  forth in the claim which could have even remotely fulfilled the purpose of the claims act, which

25  is intended to give the governmental agency an opportunity to investigate and evaluate its

26  potential liability.  <u>Fall River Joint USD v. Superior Court</u>, 206 Cal.App.3d 431, 435-36 (2004).

27  Therefore, Defendants respectfully request that the this Court dismisses with prejudice the

28  Fourth, Fifth, Ninth and Tenth causes of action for Plaintiff having failed to comply with the

4

mandatory provisions of California's Tort Claims Act.

**3.     PLAINTIFF MUST PROVIDE A MORE DEFINITE STATEMENT FOR DEFENDANTS TO PROPERLY RESPOND TO THE COMPLAINT.**

While the federal rules of pleading may be liberally construed, Defendants simply cannot sufficiently determine from the current Complaint which allegations refer to which defendants, or in what capacity Plaintiff is making certain claims. Fed. R. Civ. P. 12(e). In addition, the numbering discrepancies with the various causes of action set forth between the caption and the body of the Complaint defendants renders the Complaint difficult to decipher, which is exemplified by the confusion in referencing the claim in this Motion to Dismiss. It is imperative that all parties and the Court are on the same page when addressing specific portions of the Complaint, and this is made extremely difficult with the current pleading.

Plaintiff contends "it is obvious that Michael Sanders is the person who was shot by the police" and "it would be a waste of time and resources to amend the complaint to clarify the obvious." Also, she argues that Defendants will just have to conduct discovery to clarify the issues in the Complaint. First, these statements highlight the confusion amongst the parties - it is Defendants' understanding that Michael Sanders was not shot by the police, but rather, was subdued by the officers' use of a Taser. Second, clearly it would be a far greater waste of time and resources for Defendants to conduct hours upon hours of unnecessary discovery just to clarify Plaintiff's allegations, rather than requiring Plaintiff to simply amend her Complaint.

Defendants should not be forced to attempt to piece together Plaintiff's Complaint, or to make presumptions as to which claims Plaintiff is asserting against each Defendant and in what capacity she is making them. Inasmuch as Defendants cannot reasonably respond to these confusing pleadings, they maintain that should certain aspects of Plaintiff's complaint survive the Motion to Dismiss, it will be necessary for Plaintiff to provide a more definite statement in the amended pleading so Defendants can properly respond.

**5.     CONCLUSION.**

Since the Sixth, Seventh, Eighth and the first of two Ninth causes of action do not apply to these Defendants, it is respectfully requested that Plaintiff's Fourth, Fifth, (second of two)

5

1  Ninth and Tenth causes of action be dismissed with prejudice.  Thereafter, these Defendants ask

2  that Plaintiff be required to amend any remaining causes of action sufficiently for the filing of a

3  meaningful response.

4  Dated: July 13, 2005                           FERGUSON, PRAET & SHERMAN
                                                  A Professional Corporation
5

6                                                 By:     /s/Teresa L. Judd
                                                  Teresa L. Judd, Attorneys for
7                                                 Defendants, City of Fresno and Jerry Dyer

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Cathy Sherman, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On July 13, 2005, I served the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Waukeen Q. McCoy, Esq.
LAW OFFICES OF WAUKEEN McCOY
703 Market Street, Ste. 1407
San Francisco, CA 94111

XXX   (By Mail)  I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX   (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX   (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2005, at Santa Ana, California.


                                        /s/Cathy Sherman
                                        Cathy Sherman