IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVETTE SANDERS, individually and as guardian ad litem for the estate of Michael Sanders,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF FRESNO a municipality; THE COUNTY OF FRESNO, a municipality; TASER INTERNATIONAL, Inc. a corporation doing business in California; JERRY DYER, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CIV F 05-0469 AWI SMS<br><br>ORDER ON DEFENDANT THE CITY OF FRESNO, AND JOINED BY DEFENDANT THE COUNTY OF FRESNO,'S MOTION TO DISMISS |

    This is essentially a wrongful death case arising from a police encounter in the home of Michael and Lavette Sanders. Michael Sanders died and his widow Lavette Sanders ("Plaintiff") now brings suit alleging a violation of 42 U.S.C. § 1983 and various state law causes of action against the public entities and doe officers. Plaintiff also alleges products liability theories against Taser International. The City of Fresno ("the City") now brings a motion to dismiss, which is joined by the County of Fresno ("the County").

# **FACTS**[1]

Michael Sanders was a 40 year old man who resided in Fresno and made his living as a member of various music bands throughout Fresno. Sanders graduated from Fresno State University in May 2004 and planned to teach music. On August 20, 2004, Fresno police officers responded to a call made at the Sanders's home in southeast Fresno. The police entered the premises and found Michael Sanders, who appeared disoriented, standing unclothed and behind his wife, Lavette Sanders. The officers decided to subdue Michael Sanders by firing tasers at his naked body, although Fresno Police Department rules and other instructions require that tasers not come in contact with human skin. The officers fired numerous taser darts into Michael Sanders's body. The officers then handcuffed Sanders, placed him face down on a gurney, which suffocated him, and then placed him in an ambulance. Sanders ultimately stopped breathing. One of the officer attempted CRP, but Michael Sanders was pronounced dead at 4:30 a.m.

Lavette Sanders, individually and as guardian ad litem for Michael's estate, filed suit in federal court against the City, the County, Fresno Police Chief Jerry Dyer, Doe Defendants, and Taser International. Plaintiff seeks damages under 42 U.S.C. § 1983, the California wrongful death statute, and state common law claims of Intentional Infliction of Emotional Distress, Negligence, Strict Products Liability, Breach of Express and Implied Warranties, Negligent Misrepresentation, False Imprisonment, and Negligent Hiring, Supervision, and Training.

The City now brings this Rule 12(b)(6) motion to dismiss and argues that Plaintiff has failed in part to comply with the California Tort Claims Act and failed to properly allege negligence liability against the City. The County has joined the City's motion.

## **LEGAL STANDARDS**

*Rule 8(a)*

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief. Rule

---

[1] Because this is a Rule 12(b)(6) motion to dismiss, the following facts are taken from Plaintiffs' complaint and are assumed to be true for purposes of resolving the motion. See Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996).

2

8(a) requires, *inter alia*, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). The pleadings "need suffice only to put the opposing party on notice of the claim." Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001) (citing Conley, 355 U.S. at 47). The pleadings are also to "be construed as to do substantial justice." Fed. R. Civ. Pro. 8(f). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." Fontana, 262 F.3d at 877; American Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982). Also, there is no longer a heightened pleading standard for constitutional torts in which improper motive is a part of the claim. See Morgan v. United States, 323 F.3d 776, 780 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

*Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996). The Court must also assume that general allegations embrace the necessary, specific facts to support them. See Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required

3

"to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

//
//

### A. Sufficiency Of Plaintiff's California Tort Claims Act Notice

*Legal Standard*

As a prerequisite for money damages litigation against a public entity, the California Tort Claims Act requires presentation of the claim to the entity. See Cal. Gov. Code § 945.4;[2] State of California v. Superior Court, 32 Cal.4th 1234, 1240-44 (2004) ("Bodde"). The presented claim must meet the requirements of Government Code § 910. Cal. Gov. Code §§ 910, 945.4; Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 445 (2004). Section 910 requires the claimant to state the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and to provide a "general description of the . . . injury, damage or loss incurred so far as it may be known at the time of presentation." Cal. Gov't Code § 910;[3] Stockett, 34 Cal.4th at 445. These statutes are not intended "to prevent surprise," rather they are intended to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (Cal. 1974); see Stockett, 34 Cal.4th at 446. Because the claims statute is designed to give a public

---

[2]In its entirety, Cal Gov Code § 945.4 reads:
Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.

[3]Cal. Gov't Code § 910 reads:
A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
(a) The name and post office address of the claimant.
(b) The post office address to which the person presenting the claim desires notices to be sent.
(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
(f) The amount claimed if it totals less than ten thousand dollars ($ 10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($ 10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

entity "notice sufficient for it to investigate and evaluate the claim . . . the statute should not be applied to snare the unwary where its purpose is satisfied," and the "claim need not contain the detail and specificity required of the pleading, but need only fairly describe what the entity is alleged to have done." Stockett, 34 Cal.4th at 446. If a plaintiff "relies on more than one theory of recovery against the [governmental entity], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." Dixon v. City of Livermore, 127 Cal.App.4th 32, 40 (2005); see Stockett, 34 Cal.4th at 447; Nelson v. State of California, 139 Cal.App.3d 72, 79 (1982). However, as the California Supreme court has recently explained:

> The claim, however, need not specify each particular act or omission later proven to have caused the injury. A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an "entirely different set of facts." Only where there has been a "complete shift of allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim" have courts generally found the complaint barred. Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint.

Stockett, 34 Cal.4th at 447; see also Dixon, 127 Cal.App.4th at 40; White v. Superior Court, 225 Cal.App.3d 1505, 1510-11 (1990). In other words, it is permissible to plead additional theories where the "additional theories [are] based on the same factual foundation as those in the claim, and the claim provide[s] sufficient information to allow the public agency to conduct an investigation into the merits of the claim." Dixon, 127 Cal.App.4th at 42.

Compliance with the Tort Claims Act is an element of a cause of action against a public entity. See Bodde, 32 Cal.4th at 1240-44; Del Real v. City of Riverside, 95 Cal.App.4th 761, 767 (2002). As such, "compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action." City of San Jose, 12 Cal.3d at 454 (citations omitted); see Bodde, 32 Cal.4th at 1240.

*Defendant's Argument*

Defendant argues that on September 13, 2004, Plaintiff presented a skeletal claim that

alleged nothing more than "Michael Sanders died after jolts from the Tasers fired upon him by Fresno police officers."  Defendant argues that the claim filed by Plaintiff with the City failed to give the City an opportunity to investigate and evaluate the added claims of negligence (Fifth and Tenth causes of action), intentional infliction of emotional distress (Fourth cause of action), or false arrest (Ninth cause of action).  That is, Plaintiff's claim does not fairly reflect or reasonably include these causes of action.

*Plaintiff's Opposition*

Plaintiff argues that only a general description of the injury is required so as to put the public entity on notice both that a claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved.  The level of specificity required is relatively low and need only fairly describe what the entity is alleged to have done.  As long as the same fundamental facts underlie a plaintiff's complaint and claim, and there is not a shift in the fundamental facts of the injury, the notice of claim will comply with Government Code § 945.4. Here, the causes of action for negligence, intentional infliction of emotional distress, and false arrest all stem entirely from the same set of facts alleged in the tort claim, i.e. that Michael Sanders was killed by police who electrocuted him.  Additionally, the notice states that the officers "knew or should have known" that Michael Sanders would be severely affect by the jolts. "Knew or should have known" is sufficient to put Defendants on notice of negligence claims.

*Plaintiff's Tort Claim Notice Provided To the City and the County*

Plaintiff's Notice of Claim sent to both the City and the County reads:

1. Claimant Layette [sic] Sanders, individually and on behalf of the The Estate of Michael Sanders, is located at [Plaintiff's address].

2. Any notices pertaining to this matter should be addressed to Claimants' attorney of record, Waukeen Q. McCoy, Esq., . . . .

3. The dates and place of the occurrence give rise to the claims of claimant on or about August 20, 2004 and continue until the present in the City of Fresno, County of Fresno.

7

    4.       The circumstances that gave rise to the claims are as follows: Claimant's husband Michael Sanders died after jolts from Tasers fired upon him by Fresno police officers. The police knew or should have known that Sanders would have been severely affected by the jolts.

    5.       The names of the public employees causing the death are unknown at this time. Claimant has been refused the opportunity to obtain the names of the police officers involved before filing of the Notice of Tort claim by the Fresno Police Department.

    6.       Claimant demands compensation in excess of $25,000,000.00 and therefore will not state a demand amount in this notice.

Exhibit 1, Inadvertently Omitted from Motion to Dismiss by City;[4] Exhibit A to County's Notice of Joinder.

*Discussion*

Defendants's frustration with Plaintiff's Notice of Claim is understandable as the notice is certainly minimal. However, not every fact needs to be provided to a public entity, rather there needs to be sufficient information to allow the entity to investigate; as long as the same fundamental or foundational facts that form the basis of the complaint are fairly reflected in the claim, then the notice will be sufficient. See Stockett, 34 Cal.4th at 447; Dixon, 127 Cal.App.4th at 42.

    1.      Ninth Cause of Action – "False Arrest"

With respect to Plaintiff's claim for "false arrest," false arrest and false imprisonment are not separate torts, the former is simply a means of committing the latter. Asgari v. City of Los Angeles, 15 Cal.4th 744, 752 n.3 (1997). In other words, all "false arrest" claims are also false imprisonment claims, but not all false imprisonment claims are false arrest claims. To prove

---

[4] The City references Plaintiff's Notice of Claim as an exhibit attached to its motion, but later filed a copy of the Notice of Claim as an inadvertently omitted exhibit. The County also filed the Notice of Claim that they received from Plaintiff. These two notices are identical. The County requests that the Court take judicial notice of the Notice of Claim. Plaintiff makes no opposition to this request and in fact relies on the substance of the Notice of Claim in resisting the motion to dismiss. A court may take judicial notice of public records outside the pleadings without converting a motion to dismiss into a motion for summary judgment. Lee, 250 F.3d at 688-89. Because there is no opposition to the County's motion to take judicial notice of Plaintiff's Notice of Claim, the Notices of Claim to the County and the City are identical, and Plaintiff relies on the substance of the Notice of Claim to resist dismissal, it is appropriate to take judicial notice of the Notices of Claim sent by Plaintiff to both the City and County.

false imprisonment that is not premised on a false arrest, a plaintiff must prove that: (1) the defendant intentionally deprived plaintiff of his freedom of movement by use of physical barriers, force, threats of force, menace, fraud, deceit or unreasonable duress; (2) that plaintiff did not consent; (3) that plaintiff was harmed; and (4) that defendant's conduct was a substantial factor in causing plaintiff's harm.  California Jury Instructions – Civil § 1400 (July 2004 ed.) (hereinafter "CACI").  There is no requirement that the plaintiff be aware that he is being restrained or confined, see Scofield v. Critical Air Medicine, Inc., 45 Cal.App.4th 990, 1006-07 (1996); CACI comments to § 1400, nor is it required that confinement last for a particular amount of time, rather confinement must only be for "an appreciable length of time, however short." Easton v. Sutter Coast Hosp., 80 Cal.App.4th 485, 496 (2000); CACI comments to § 1400.  In order for a plaintiff to prove false arrest without a warrant, a plaintiff must prove that: (1) defendant arrested plaintiff without a warrant; (2) plaintiff was harmed; and (3) defendant's conduct was a substantial factor in causing plaintiff's harm.  CACI § 1401.  For a claim of false arrest without a warrant and a claim of simple false imprisonment by a police officer, there are affirmative defenses of probable cause to arrest and an officer's lawful authority to detain that are available, depending on the circumstances.  See CACI §§ 1402, 1408.

In the complaint, the Ninth cause of action is entitled "False Arrest."  Plaintiff alleges:

> 59. Plaintiff . . . alleges that defendants intentionally and unlawfully exercised force to restrain, detain or confine Michael L. Sanders.  Specifically, the responding officers used Tasers to effect such restraint.
>
> 60. Plaintiff . . . alleges that defendants, through said restrain, compelled Michael L. Sanders to stay somewhere for an appreciable period of time.
>
> 61. Plaintiff . . . alleges that Michael L. Sanders did not consent to the restraint, detention or confinement.
>
> 62. Plaintiff . . . alleges that the restrain, detention, or confinement caused Michael Sanders to suffer severe pain and death and Lavette Sanders to suffer the loss of society, companionship, support, . . . of Michael L. Sanders.
>
> 63. Plaintiff . . . alleges that the losses suffered by Michael L. Sanders and Lavette Sanders are the proximate result of defendant's acts.

Complaint at ¶¶ 59-63.  Although entitled "false arrest," the allegations in the complaint are for a

9

simple "false imprisonment" claim that is not based on an arrest. There are no allegations of arrest or the existence of a warrant, and the alleged restraint is through taser and not through an arrest without a warrant. Accordingly, the Court construes Plaintiff's Ninth cause of action as a claim for "simple" false imprisonment.

The foundational fact that Michael Sanders was tased by police officers is reflected in both the claim and in the above allegations. The specific fact that is not expressly stated in the claim is that Michael Sanders did not consent to restraint through taser. However, not every fact needs to be expressly stated and it is easily inferred that Michael Sanders did not consent to the tasing that allegedly caused his death. The allegations under the Ninth cause of action are fairly reflected in the notice of claim letter and do not shift the foundational facts or premise liability based on acts done by different people or done at different times, the complaint simply adds more detail than the notice of claim. See Stockett, 34 Cal.4th at 447. Plaintiff's Ninth cause of action will not be dismissed.

### 2. Fourth Cause of Action – Intentional Infliction of Emotional Distress

In order to prove intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991); CACI § 1600. In the complaint, Plaintiff alleges that "the officers' overzealous repeated shooting of Michael L. Sanders in front of Lavette Sanders on the night of the incident constituted extreme and outrageous conduct, that such conduct was done with a reckless disregard of the likelihood that it would inflict severe emotional distress and that such conduct did, in fact, inflict severe emotional distress on plaintiff . . . ." Complaint at ¶ 28.

The basis for this cause of action is essentially the same as the basis explained in the notice of claim: that Michael Sanders was tased and died. The complaint adds the additional

10

details that Lavette Sanders was present/witnessed the tasing and that Michael Sanders was tased repeatedly. However, the notice of claim does indicate that Lavette Sanders is a claimant individually and in a representative capacity. The fact that Lavette Sanders was present can be inferred from the notice, does not change the foundational facts, does not complain of conduct by new parties, and does not focus on conduct that happened at a different time than that described in the notice of claim. The additional facts alleged in the complaint that Lavette Sanders saw the tasing and that Michael Sanders was tased repeatedly are merely elaboration that add further detail to the claim. Because the same fundamental actions by the police officers form the basis for Plaintiff's intentional infliction of emotional distress claim, i.e. the tasing and death of Michael Sanders, the notice of claim fairly reflects the facts pled in the complaint. See Stockett, 34 Cal.4th at 447; Dixon, 127 Cal.App.4th at 40. Dismissal of this claim is not appropriate.

### 3.     Fifth and Tenth Causes of Action – Negligence

As part of the notice of claim, Plaintiff states that the City "knew or should have known that Sanders would have been severely affected by the jolts." Plaintiff's Fifth and Tenth causes of action both essentially allege negligent hiring, training, retention, discipline, investigation, and supervision of police officers. In the Fifth cause of action, Plaintiff alleges that Defendants breached duties owed to the public and Plaintiff by "failing to properly and adequately select, train, retain, supervise, investigate and discipline its police officers." Complaint at ¶ 31. Also in the Fifth cause of action, Plaintiff alleged that Defendants breached its duty to "monitor the police officers in their units to assure that they adequately and properly use the taser equipment during the arrest of suspects." Id. at ¶ 33. Finally, under the Fifth cause of action, Plaintiff alleges that Defendants:

> had been given notice on repeated prior occasions of ongoing illegal and constitutional practices by its police officers, occurring during the arrest of ethnic minority citizens, specifically African Americans. Because of the prior notice of this problem, said defendants owed duties to the ethnic minority citizens, specifically African Americans, to assure fair treatment. However, [Defendants] failed to take adequate measures to assure that the ethnic minority citizens in the community were treated in accordance with constitutional mandates when being taken into their custody.

11

Id. at ¶ 34.

With respect to the Tenth cause of action, Plaintiff made the following allegations:

> 66.     Defendants . . . knew or should have known of the ongoing threatening, discriminatory and harassing conduct by the responding officers, Dyer and Does 1-10 against individuals like Michael Sanders. Defendants . . . negligently failed to investigate these officers prior to hiring which would have revealed prior threatening conduct and/or failed to train and supervise Dyer, Does 1-10 and the responding officers, to prevent such conduct.
>
> 67.     Further, Defendants . . . after they became aware of the threatening, harassing and discriminatory conduct of Dyer, Does 1-10 and the responding officers, negligently failed to correct such conduct and negligently retained Deyer, Does 1-10 and the responding officers, allowing this threatening, harassing, and discriminatory conduct to persist.
>
> 68.     By failing to exercise reasonable care in the hiring, selection and training of Dyer [etc.], Defendants . . . breached their duty to Michael L. Sanders and Lavette Sanders.

Id. at ¶¶ 66-68.

In *White v. Superior Court*, Dollie White presented a notice of claim that described an encounter with a San Francisco police officer. White's notice of claim concluded: "Ms. White was falsely arrested and imprisoned. She was also brutally beaten by the officer. She was denied medical assistance at the scene. As a proximate cause of the officer's deliberate behavior, Ms. White suffered and continues to suffer, physical and mental injuries." White, 225 Cal.App.3d at 1507. After the city of San Francisco denied her claim, White filed suit and alleged causes of action for: (1) false imprisonment; (2) negligent hiring, training and retention; (3) intentional failure to train, supervise and discipline; (4) assault and battery; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. Id. San Francisco sought summary adjudication on the second and third causes of action on the theory that they were not fairly reflected in the notice of claim. Id. at 1507-08. The trial court granted summary adjudication but the court of appeals reversed. After surveying case law, the court held that the complaint did not shift the fundamental facts of White's injury:

> Both plaintiff's complaint and her claim were predicated on the same fundamental facts -- Officer Sanford's alleged mistreatment of plaintiff. <u>The causes of action for negligent hiring, training, and retention and for failure to train, supervise, and</u>

12

<blockquote>
discipline merely sought to show direct responsibility of San Francisco for Officer Sanford's conduct. Plaintiff did not shift the fundamental facts about her injury. We realize that *Fall River* and this case are superficially similar in that both plaintiffs sought to add allegations of negligent supervision. But in *Fall River* the written claim blamed only the door, not the poorly supervised students, who were not even mentioned. Here, both the written claim and the lawsuit identified the police officer as the principal actor.
</blockquote>

Id. at 1011 (emphasis added).

Here, the notice of claim alleges that the police officers caused the death of Michael Sanders and that the officers either "knew or should have known" that Sanders would be "severely affected" by the tasing. "Knew or should have known usually connotes negligence." Mayview Corp. v. Rodstein, 620 F.2d 1347, 1358 (9th Cir. 1980); see also California Dept. of Toxic Substances Control v. Payless Cleaners, 368 F.Supp.2d 1069, 1083 (E.D. Cal. 2005); Merrill v. Navrgar, Inc., 26 Cal.4th 465, 485 (2001); People v. Oliver, 210 Cal.App.3d 138, 152 (1989); Schick v. Lerner, 193 Cal.App.3d 1321, 1328 (1987). That the officers either knew or should have known may reasonably relate to the adequacy of how the officers performed their duties, were trained, and/or supervised. Moreover, although the notice of claim in *White* is considerably more detailed than the notice in this case, the *White* notice did not expressly discuss supervision, training, retention, etc. issues. Accordingly, it is unclear why *White*'s analysis would not also apply in this case. That is, "the causes of action for negligent hiring, training, and retention and for failure to train, supervise, and discipline merely sought to show direct responsibility of [the City and the County] for [the officers's] conduct."[5] Id. at 1511. On the basis of *White* and because Plaintiff made allegations in the notice of claim that the officers "knew or should have known," these causes of action pass the requirement of § 945.4 and dismissal is not warranted.

---

[5] This is not to say that Plaintiff's complaint is sufficient. That Plaintiff's negligence complaint is not barred by the Tort Claims Act's notice provisions/*White* is not the same as properly pleading negligence against a public entity in the complaint. *White* is not a case about the sufficiency of a complaint for purposes of Government Code § 815, rather, it is a case regarding the adequacy of a notice of claim for purposes of Government Code § 945.4. See *White*, 225 Cal.App.3d at 1508. As explained below, Plaintiff has not appropriately pled negligence against the City or the County in her complaint.

13

**B.     Negligence Claims (Fifth and Tenth Causes of Action)**

*Defendant's Argument*

Defendant argues that, for a public entity to be held directly liable, a specific statute must declare the entity liable, otherwise public entities are immune under Government Code § 815. General tort principles and the general duty of care found in California Civil Code § 1714 are insufficient bases under which to impose liability as explained by the California Supreme Court in *Eastburn*. Since Plaintiff has not cited any specific statutory basis for liability, Plaintiff's Fifth and Tenth causes of action for negligence must be dismissed.

*Plaintiff's Opposition*

Plaintiff argues that Government Code § 815.2(a) is the express statute that bypasses § 815 immunity. The City would be liable for the torts committed by its police officers who were responsible for negligently training other officers in the use of the taser and for the negligent manner in which the officers actually used the taser against Michael Sanders. The City would thus be vicariously liable through a respondeat superior theory.

*Legal Standard*

"Except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person." Cal. Gov't Code § 815. The intent behind the statute "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances." Zelig v. County of Los Angeles, 27 Cal. 4th 1112, 1127-28 (2002) (citation omitted). Accordingly, the first step for purposes of § 815 is to "determine whether any statute imposes *direct* liability on [public entities]." Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1179 (2003) (italics in original). "All government tort liability must be based on statute." Hoff v. Vacaville Unified Sch. Dist., 19 Cal.4th 925, 932 (1998). The common law and general tort principles embodied in California

Civil Code § 1714,[6] which imposes a duty to act with reasonable care, are insufficient to create direct liability and bypass the immunity of Government Code § 815. Eastburn, 31 Cal.4th at 1183; Munoz v. City of Union City, 120 Cal.App.4th 1077, 1112 (2004).

With respect to negligence by an employee, a public employee is generally "liable for injury caused by his act or omission to the same extent as a private person." Cal. Gov't Code § 820(a); Hoff, 19 Cal.4th at 932. Furthermore, Government Code § 815.2 "expressly makes the doctrine of respondeat superior applicable to public employers." Hoff, 19 Cal.4th at 932. A "public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a). Thus, § 815.2 "makes a public entity *vicariously* liable for its employee's negligent acts or omissions within the scope of employment." Eastburn, 31 Cal.4th at 1180 (emphasis in original); Hoff, 19 Cal.4th at 932. However, "liability of the employer only attaches if and when it is adjudged that the employee was negligent," and, although "public entities always act through individuals, that does not convert a claim for direct negligence into one based on vicarious liability." Munoz, 120 Cal.App.4th at 1113.

*Discussion*

Plaintiff's opposition focuses on vicarious liability through Government Code § 815.2(a). The argument does not adequately address the concern raised by Defendant regarding *direct* liability against the City for negligence. The negligence allegations in the complaint are the Fifth and Tenth causes of action in the complaint and encompass paragraphs 29 to 35 and 64 to 69. These allegations are made against the City, the County, Chief Dyer, and the Doe Defendants and essentially allege negligent hiring, training, retention, discipline, investigation, and supervision of

---

[6]California Civil Code § 1714(a) provides in relevant part:
Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.

15

police officers. There are no express allegations made with respect to the City and the County that indicate that Plaintiff is pursuing vicarious liability theories. In fact, Plaintiff expressly alleges that "each" or "City, County, and Dyer" owed duties of care and that each of these Defendants breached those duties.[7] Complaint at ¶¶ 31, 32, 33, 35, 65, 68. Further, Plaintiff has failed to identify an express statutory provision that imposes *direct* liability on either the City or the County. Although public entities act through individuals, that is insufficient to establish direct liability against the entity. Munoz, 120 Cal.App.4th at 1113. If Plaintiff is attempting to allege negligence against the City and the County through direct liability, as the complaint reads, then Plaintiff has failed because she has not identified a specific statute that imposes direct liability against public entities. If Plaintiff is attempting to allege negligence against the City and the County through vicarious liability, as the opposition indicates, then Plaintiff has failed because the complaint alleges negligent hiring, training, supervision, etc., by the City and the County themselves and does not allege vicarious liability. In short, Plaintiff's negligence claims against the City and the County, her Fifth and Tenth causes of action, are inadequately pled for either direct or vicarious liability. Dismissal should be granted with leave to amend as it is not clear at this point that amendment would be futile. See Gompper, 298 F.3d at 898; Lopez, 203 F.3d at 1127.

**C.   Motion For More Definite Statement F.R.C.P. 12(e)**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e); Thompson v. City of Shasta Lake, 314 F. Supp. 2d 1017, 1022 (E.D. Cal. 2004). A Rule 12(e)

---

[7]Specifically, Plaintiff alleges that the City and the County owed a duty to of care to the public and to Plaintiff to "properly and adequately select, train, supervise, investigate, and discipline its police officers," and "monitor the police officers in their unites to assure that they adequately and properly used the taser equipment during the arrest of suspects." Complaint at ¶¶ 31, 32. Plaintiffs also allege duties to "use reasonable care in the hiring, training, supervising and retention of its employees and managers; reasonably investigate claims of discrimination and harassment; and take immediate corrective action once discrimination or harassment was reported." Id. at ¶ 65.

16

motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz. 2003); Sheffield v. Orius Corp., 211 F.R.D. 411, 414-15 (D. Or. 2002); Tilley v. Allstate Ins. Co., 40 F. Supp. 2d 809, 814 (S.D. W. Va 1999); see also Resolution Trust Corp. v. Gershman, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993) ("Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail."). Thus, a more definite statement is generally only required when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice." Margarita Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999).

Rule 12(e) motions "are not favored by the courts 'since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim.'" Castillo, 219 F.R.D. at 163; Resolution Trust Corp., 854 F. Supp. at 649 (quoting A.G. Edwards & Sons, Inc. v. Smith, 736 F. Supp. 1030, 1032 (D. Ariz. 1989)). "If the moving party could obtain the missing detail through discovery, the motion should be denied." Davison v. Santa Barbara High School District, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998). Rule 12(e) motions are "not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes." Castillo, 219 F.R.D. at 163; Sheffield, 211 F.R.D. at 415; Tilley, 40 F. Supp. 2d at 814. "[A]bsent special circumstances, a Rule 12(e) motion cannot be used to require the pleader to set forth 'the statutory or constitutional basis for his claim, only the facts underlying it.'" Thompson, 314 F.Supp.2d at 1022 (quoting McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990)).

*Defendant's Argument*

Defendant argues that a more definite statement is required because, in addition to errors in numbering, the complaint has other ambiguities such as alleging that there was an "assault and

17

battery against plaintiff" even though Lavette Sanders identifies herself as both an individual and guardian ad litem. Additionally, under the boilerplate negligence allegations in the Fifth cause of action, Plaintiff fails to differentiate between or describe the conduct of either the City or the County giving rise to the negligence claim.

*Plaintiff's Opposition*

Plaintiff responds that a more definite statement is not necessary and a waste of resources. Plaintiff argues that it is obvious from the complaint that Michael Sanders is the person who was shot by the police. With respect to not differentiating between conduct by the City and conduct by the County, Plaintiff states that she requires additional discovery. Specifically, Plaintiff argues that she has attempted to obtain the police report in this matter for nearly a year, but to no avail. It is the failure of the law enforcement agencies to turn over the reports that has forced Plaintiff to plead that both agencies were involved in the death of Michael Sanders.

*Discussion*

The complaint does contain numbering errors, but those errors do not render the complaint unduly ambiguous or unintelligible. Furthermore, Plaintiff has now clarified that she is not alleging that she was shot or assaulted by police officers, rather the person who was shot was Michael Sanders. Plaintiff's Opposition at Subsection C, lines 6-8. From the complaint as a whole, as Defendants speculated, it is relatively clear that only Michael Sanders was shot. The court and Defendants may rely on this express clarification by Plaintiff.[8] See National Union Fire Ins. Co. v. Aerohawk Aviation, Inc., 259 F.Supp.2d 1096, 1099 (D. Idaho 2003) ("As the parties are now clear that jurisdiction under subsection (b) is being asserted, it would be a mere exercise to force National Union to amend its complaint."). Finally, with respect to the claims made in the Fifth cause of action for negligence, the City, the County, Chief Dyer, and Does 1-10 are alleged to have breached the same duties by failing to properly select, train, supervise,

---

[8] However, as Defendant's 12(b)(6) motion will be granted in part, Plaintiff should correct the numbering errors and clarify the assault and battery claim if Plaintiff decides to file an amended complaint. Otherwise, the deficiencies are not so severe that they independently warrant repleading.

investigate and discipline their police officers. The Plaintiff makes general allegations, but Rule 12(b)(3) is not intended to combat a lack of specificity. After reviewing the complaint, the court cannot say that the allegations are so vague or unintelligible that a responsive pleading cannot be made.[9]

## CONCLUSION

The City's motion to dismiss, as joined by the County, is based on the failure to properly allege negligence against a public entity and an inadequate notice of claim under the California Tort Claims Act. With respect to the adequacy of Plaintiff's notice of claim, Plaintiff's identical notices to the City and the County are very minimal. However, not every fact needs to be provided to a public entity, rather there needs to be sufficient information to allow the entity to investigate; as long as the same fundamental or foundational facts that form the basis of the complaint are fairly reflected in the claim, then the notice will be sufficient. After reviewing the complaint and the notice of claim, the notice was sufficient to allow the City and the County to investigate and the factual basis and the Fourth, Fifth, Ninth, and Tenth causes of action are fairly reflected in the notices.

With respect to Plaintiff's claims of negligence, the Fifth and Tenth causes of action, the complaint indicates that Plaintiff is proceeding under direct liability theories. Although Plaintiff argues that Government Code § 815.2 is the specific statutory basis for liability against the City and the County, that statute provides for vicarious liability and is not consistent with Plaintiff's pleaded allegations. Because Plaintiff has failed to properly plead a vicarious liability theory and has failed to identify a specific statute that imposes liability on the City and the County, Plaintiff has not properly pled a negligence cause of action against the City or the County. Accordingly, dismissal without prejudice is appropriate.

---

[9] In fact, the County has filed an answer in this case. When the Court took the matter under submission, it did not note that the County had joined the City's motion to dismiss. Out of caution, the County refiled its joinder and filed an answer subject to the joinder. In its answer, the County denies the allegations made in the Fifth cause of action.

With respect to the City's Rule 12(e) motion, the complaint does contain errors and could be clearer. However, the allegations are not so vague or unintelligible that a responsive pleading cannot be made.

Accordingly, IT IS HEREBY ordered that:

1. Defendants's motion to dismiss Plaintiff's Third, Fourth, Fifth and Tenth causes of action on the basis of an inadequate notice of claim under California Government Code § 945.4 is DENIED;

2. Defendants's motion to dismiss Plaintiff's Fifth and Tenth causes of action against the City and the County for negligence on the basis of inadequate pleading is GRANTED without prejudice;

3. Defendants's Rule 12(e) motion is DENIED; and

4. Plaintiff has twenty (20) days in which she may file an amended complaint, which is to also correct the typographical/numbering errors and expressly clarify the assault and battery cause of action.

IT IS SO ORDERED.

**Dated:     September 30, 2005**                       **/s/ Anthony W. Ishii**
0m8i78                                                                    UNITED STATES DISTRICT JUDGE