1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAVETTE SANDERS, individually and as guardian ad litem for the estate of Michael Sanders,** ) ) ) | **CIV F 05-0469 AWI SMS** |
| ) | **ORDER ON DEFENDANTS** |
| **Plaintiff,** ) | **THE CITY OF FRESNO AND** |
| ) | **JERRY DYER'S SECOND** |
| **v.** ) | **MOTION TO DISMISS** |
| ) | |
| **THE CITY OF FRESNO a municipality; THE COUNTY OF FRESNO, a municipality; TASER INTERNATIONAL, Inc. a corporation doing business in California; JERRY DYER, an individual; and DOES 1 through 10, inclusive,** ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) ) ) | |

_____

        This is essentially a wrongful death case arising from a police encounter in the home of

Michael and Lavette Sanders.  Michael Sanders died and his widow Lavette Sanders ("Plaintiff")

brought suit alleging in her First Amended Complaint ("FAC") a violation of 42 U.S.C. § 1983

and various state law causes of action against the public entities and doe officers.  Plaintiff also

alleges products liability theories against Taser International.  The City of Fresno ("the City") and

Jerry Dyer ("Chief Dyre") now bring a second  motion to dismiss.

1

**FACTS**[1]

2      Michael Sanders was a 40 year old man who resided in Fresno and made his living as a

3   member of various music bands throughout Fresno.  Sanders graduated from Fresno State

4   University in May 2004 and planned to teach music.  On August 20, 2004, Fresno police officers

5   responded to a call made at the Sanders's home in southeast Fresno.  The police entered the

6   premises and found Michael Sanders, who appeared disoriented, standing unclothed and behind

7   his wife, Lavette Sanders.  The officers decided to subdue Michael Sanders by firing tasers at his

8   naked body, although Fresno Police Department rules and other instructions require that tasers

9   not come in contact with human skin.  The officers fired numerous taser darts into Michael

10  Sanders's body.  The officers then handcuffed Sanders, placed him face down on a gurney, which

11  suffocated him, and then placed him in an ambulance.  Sanders ultimately stopped breathing.

12  One of the officer attempted CRP, but Michael Sanders was pronounced dead at 4:30 a.m.

13      Lavette Sanders, individually and as guardian ad litem for Michael's estate, filed suit in

14  federal court against the City, the County of Fresno ("the County"), Fresno Police Chief Jerry

15  Dyer, Doe Defendants, and Taser International.  Plaintiff seeks damages under 42 U.S.C. § 1983,

16  the California wrongful death statute, and state common law claims of Intentional Infliction of

17  Emotional Distress, Negligence, Strict Products Liability, Breach of Express and Implied

18  Warranties, Negligent Misrepresentation, False Imprisonment, and Negligent Hiring,

19  Supervision, and Training.

20      The City now brings this second Rule 12(b)(6) motion to dismiss and argues that Plaintiff

21  has not properly alleged negligence against the City in the Fifth and Eleventh causes of action

22  because Plaintiff has failed to identify a specific statute that imposes a duty on the City.[2]

23

24  _____

25  [1]Because this is a Rule 12(b)(6) motion to dismiss, the following facts are taken from Plaintiffs' complaint and are assumed to be true for purposes of resolving the motion.  See Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996).

26

27  [2]This Court granted in part and denied in part the City's first motion to dismiss.  In particular, the Court held that Plaintiff had not adequately pled either direct or vicarious liability against the City.

28                                                2

1

2                        **LEGAL STANDARDS**

3        *Rule 8(a)*

4        Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief.

5    "Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of

6    the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio, 384 F.3d 731, 736

7    (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). This rule does "not require a claimant to set out in

8    detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). The

9    pleadings need only give the opposing party fair notice of a claim and the claim's basis. Conley,

10   355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001).

11   47). The pleadings are also to "be construed as to do substantial justice," and "no technical

12   forms of pleading . . . are required." Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736;

13   Fontana, 262 F.3d at 877. "Specific legal theories need not be pleaded so long as sufficient

14   factual averments show that the claimant may be entitled to some relief." Fontana, 262 F.3d at

15   877; American Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982).

16   Also, there is no longer a heightened pleading standard for constitutional torts in which improper

17   motive is a part of the claim. See Morgan v. United States, 323 F.3d 776, 780 (9th Cir. 2003);

18   Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

19       *Rule 12(b)(6)*

20       Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

21   plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)*.*

22   This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be

23   granted under any set of facts that could be proved consistent with the allegations." Neitzke v.

24   Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480,

25   1484 (9th Cir. 1995). Thus, the determinative question is whether there is any set of "facts that

26   could be proved consistent with the allegations of the complaint" that would entitle plaintiff to

27

28                                        3

some relief.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996).  The Court must also assume that general allegations embrace the necessary, specific facts to support them.  See Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws that have not been alleged."  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not

4

possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)).  Thus, leave to amend need not be granted when amendment would be futile.  <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 898 (9th Cir. 2002).

**A.      Negligence Claims Fifth and Eleventh Causes of Action**

*Defendant's Argument*

Defendant argues that, for a public entity to be held directly liable, a specific statute must declare the entity liable, otherwise public entities are immune under California Government Code § 815.  General tort principles and the general duty of care found in California Civil Code § 1714 are insufficient bases under which to impose liability as explained by the California Supreme Court in *Eastburn*.  Although Plaintiff filed the FAC after the Court dismissed these causes of action from the original complaint, Plaintiff has done nothing more than add "Defendant Dyer" and language to the effect that "City and County are vicariously liable."  Plaintiff continues to allege that "they [the City and County] failed to . . . ."  In *Munoz*, the Plaintiffs had alleged that the City and the Police Chief were somehow negligent for "negligent hiring, training, supervision, etc."  <u>Munoz v. City of Union City</u>, 120 Cal.App.4th 1077, 1112-13 (2004).  Defendant appears to argue that the *Munoz* Court rejected the argument that the City and the Police Chief were somehow different and the chief was thus subject to Gov't Code section 815.2.  Here, although Plaintiff has added language that the City and County are vicariously liable, she continues to allege that these Defendant's have themselves breached duties.  Since Plaintiff has again not cited any specific statutory basis for liability and Chief Dyer may not serve as the individual upon which to state a claim for vicarious liability, Plaintiff's Fifth and Eleventh causes of action for negligence must be dismissed with prejudice.

*Plaintiff's Opposition*

Plaintiff argues that unlike *Eastburn*, this case does not involve additional statutory

immunity for emergency service providers.  Plaintiff further argues that *Munoz* held that a governmental entity could not be liable for negligent training and supervision because the complaint did not allege breaches of duty by specific employees.  See *Munoz*, 120 Cal.App.4th at 1112 n. 11.  Plaintiff will seek to amend her complaint to name the Doe officers once the City provides the police report that Plaintiff requested nearly a year ago.  Plaintiff further argues that the operative complaint does not attempt to impose direct liability against the City and County, rather references to the City and County are for purposes of *respondeat superior*.  Under federal pleading standards, sufficient notice of vicarious liability is pled and any remaining allegations that might be interpreted as direct negligence against the City and County should be deemed surplusage.

Additionally, Plaintiff has attached a second amended complaint to her opposition.  The proposed second amended complaint alleges "with even greater specificity" the duties and breaches of duty by Chief Dyer and the Does upon which *respondeat superior* liability is based.  The proposed second amended complaint further omits the City and County from the allegations of general negligence and amends the Eleventh Cause of action to delete negligent hiring, training, and supervision and replaces it with a simple allegation of vicarious liability for the acts of Chief Dyer and the Does.

### *Legal Standard*

"Except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person."  Cal. Gov't Code § 815.  The intent behind the statute "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances."  Zelig v. County of Los Angeles, 27 Cal. 4th 1112, 1127-28 (2002) (citation omitted).  Accordingly, the first step for purposes of § 815 is to "determine whether any statute imposes *direct* liability on [public entities]."  Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1179 (2003) (italics in original).  "All

1   government tort liability must be based on statute." <u>Hoff v. Vacaville Unified Sch. Dist.</u>, 19

2   Cal.4th 925, 932 (1998).  The common law and general tort principles embodied in California

3   Civil Code § 1714,[3] which imposes a duty to act with reasonable care, are insufficient to create

4   direct liability and bypass the immunity of Government Code § 815.  <u>Eastburn</u>, 31 Cal.4th at

5   1183; <u>Munoz v. City of Union City</u>, 120 Cal.App.4th 1077, 1112 (2004).

6          With respect to negligence by an employee, a public employee is generally "liable for

7   injury caused by his act or omission to the same extent as a private person."  Cal. Gov't Code §

8   820(a); <u>Hoff</u>, 19 Cal.4th at 932.  Furthermore, Government Code § 815.2 "expressly makes the

9   doctrine of *respondeat superior* applicable to public employers."  <u>Hoff</u>, 19 Cal.4th at 932.  A

10  "public entity is liable for injury proximately caused by an act or omission of an employee of the

11  public entity within the scope of his employment if the act or omission would, apart from this

12  section, have given rise to a cause of action against that employee or his personal representative."

13  Cal. Gov't Code § 815.2(a).  Thus, § 815.2 "makes a public entity *vicariously* liable for its

14  employee's negligent acts or omissions within the scope of employment."  <u>Eastburn</u>, 31 Cal.4th

15  at 1180 (emphasis in original); <u>Hoff</u>, 19 Cal.4th at 932.  However, "liability of the employer only

16  attaches if and when it is adjudged that the employee was negligent," and, although "public

17  entities always act through individuals, that does not convert a claim for direct negligence into

18  one based on vicarious liability."  <u>Munoz</u>, 120 Cal.App.4th at 1113.

19          *Discussion*

20          Plaintiff's opposition is essentially that she is not attempting to allege direct liability

21  against the City and County, rather, she is attempting to hold the City and County liable for the

22  acts of Chief Dyer and the Does.  However, the negligence allegations in the Fifth and Eleventh

23  causes of action in the complaint continue to be made against the City, the County, Chief Dyer,

24

25          [3]California Civil Code § 1714(a) provides in relevant part:
    Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another
26  by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the
    latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.

27

28                                              7

and the Doe Defendants.  See FAC at ¶ 31 ("CITY and COUNTY at all times mentioned herein owed a duty to the public . . . to properly and adequately select, train, supervise . . . ."); ¶ 32 ("CITY and COUNTY breached that duty . . . ."); ¶ 34 ("CITY, COUNTY, DYER, and DOES 1-10 breached these duties . . . ."); ¶ 36 ("Because of the breaches of the duties owed to plaintiff by CITY, COUNTY, DYER, and DOES 1-10 . . . ."); ¶ 69 ("Defendants CITY, COUNTY, DYER, and DOES 1-10 negligently failed to investigate . . . ."); ¶ 70 ("Further, Defendants CITY, COUNTY, DYER, and DOES 1-10 . . . negligently failed to correct . . . ."); ¶ 71 (". . . Defendants CITY, COUNTY, DYER and DOES 1-10 and each of them breached their duty to [the Sanderses].").  Although respondeat superior is mentioned, the complaint still contains allegations of direct negligence against the public entities without specifying a statutory basis. As Plaintiff states that she is not alleging direct negligence against the City and County, to the extent that the FAC encompasses causes of action for direct liability negligence against the City and County, dismissal is appropriate.

Defendant did not file a reply brief, timely or otherwise, and has not addressed either Plaintiff's opposition or, more importantly, Plaintiff's proposed second amended complaint.  The proposed Fifth Cause of Action contains only allegations which are limited to alleged acts by and duties of Chief Dyer and the Does.  The proposed Eleventh Cause of action is only a vicarious liability allegation against the City and County and states that those entities are vicariously liable under Gov't Code section 815.2 (a) for the conduct of Chief Dyer and the Does.

In addressing the FAC, Defendant relied on *Munoz* and argued that simply adding Chief Dyer's name does not cure the deficiencies and that Chief Dyer "may not serve as the 'individual' upon which to state a claim of vicarious liability."  Motion to Dismiss at 4:19-20. The City's argument is not entirely clear.  However, the *Munoz* decision expressly pointed out that the plaintiff in that case alleged that the City was vicariously liable for the conduct of only Corporal Woodward –  there appeared to be no allegations of vicarious liability with respect to the Union City Police Chief.  Munoz, 120 Cal.App.4th at 1112.  Additionally, several courts,

including the California Supreme Court, have recognized that "supervisory police officers" can owe the duty of reasonable supervision/the duty to not retain unfit officers. E.g., Baker v. California, 2005 U.S. Dist. LEXIS 34669 at 7-9 (E.D. Cal. 2005); Fernelius v. Pierce, 22 Cal.2d 226, 233-36, 241 (1943); Michel v. Smith, 188 Cal. 199 (1922); cf. White v. State of California, 17 Cal.App.3d 621, 636 (1971).  To the extent that Defendant argues that a municipality may not be vicariously liable for the conduct of its police chief, the Court finds that the argument is insufficiently developed in the moving papers.  Because Plaintiff's proposed Second Amended Complaint appears to address the concerns of the City's second motion to dismiss, i.e. improper allegations of direct liability against the City, and because the City has filed no reply or addressed the proposed Second Amended Complaint, Plaintiff may file her proposed Second Amended Complaint.


        Accordingly, IT IS HEREBY ORDERED that:

1.      Defendants's motion to dismiss the Fifth and Eleventh Causes of Action in Plaintiff's
        First Amended Complaint against the City and County for direct liability negligence is
        GRANTED and those claims are DISMISSED; and

2.      Plaintiff will file her proposed Second Amended Complaint within ten (10) days of
        service of this order.


IT IS SO ORDERED.

**Dated:    January 11, 2006**                    _____/s/ Anthony W. Ishii_____
0m8i78                                              UNITED STATES DISTRICT JUDGE