UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVETTE SANDERS, individually and as guardian ad litem for the estate of Michael L. Sanders,<br><br>    Plaintiffs,<br>  v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | 1:05-CV-00469-AWI-SMS<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE MOTION FOR SANCTIONS OF DEFENDANTS CITY OF FRESNO AND COUNTY OF FRESNO (DOCS. 74, 76)<br><br>ORDER DIRECTING PLAINTIFFS AND PLAINTIFFS' COUNSEL TO PAY SANCTIONS TO COUNSEL FOR DEFENDANTS NO LATER THAN NOVEMBER 15, 2007 |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

Pending before the Court is the motion of Defendant City of Fresno for sanctions, in which Defendant County of Fresno joins. The motion came on regularly for hearing on December 15, 2006, at 9:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Waukeen McCoy and Janie Davenport appeared telephonically on behalf of Plaintiff; Bruce B. Johnson appeared on behalf of Defendant County; Bruce D. Praet appeared telephonically on behalf of Defendants City and Dyer; and Chris Patton appeared telephonically on behalf of Defendant Taser. The

Court had received and considered all the pleadings, including the motion with attached exhibits that was filed on November 3, 2006, the joinder and supporting declaration filed on November 6, 2006, and the opposition with an attached declaration filed on November 29, 2006. The matter was argued and submitted to the Court for decision.

## I. Legal Standards

Fed. R. Civ. P. 30(a)(1) authorizes depositions, including those of parties, "without leave of court." Fed. R. Civ. P. 37(d) provides that if a party fails to appear for a properly noticed deposition, "the court in which the action is pending on motion may make such orders in regard to the failure as are just...." Fed. R. Civ. P. 37(d) also authorizes monetary sanctions:

> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d) continues:

> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)."

A party who fails to appear for a deposition is subject to sanctions even in the absence of a prior order. Fed. R. Civ. P. 37(d); Hilao v. Estate of Marcos, 103 F.3d 762, 764-765 (9th Cir. 1996) (unexplained failure to appear at deposition in contempt proceeding justified sanction deeming allegations to be established); Henry v. Gill Industries, Inc., 983 F.2d 943, 947

1  (9th Cir. 1993).

2      II. <u>Analysis</u>

3      Here, the papers submitted by the moving parties establish
4  that when on October 2, 2006, Plaintiff's counsel faxed a letter
5  to the City Defendants' counsel in which Plaintiff's counsel
6  reversed its earlier position of readiness to attend a deposition
7  of Plaintiff scheduled for October 5, 2006, the City's attorney
8  incurred a nonrefundable $100.00 cancellation fee for an airline
9  ticket from Orange County to Fresno, the location of the
10 deposition. No explanation or cause for the unavailability of
11 Plaintiff or her counsel at this scheduled deposition has been
12 demonstrated by Plaintiff's counsel.

13     The papers further establish that after agreeing to
14 reschedule the deposition for November 3, 2006, Plaintiff's
15 counsel on 2:00 p.m. on November 2, 2006, called counsel for
16 Defendant City and stated that the Court had ordered that no
17 depositions go forward; Plaintiff would thus not be available for
18 the deposition on November 3, and further, Plaintiff's counsel
19 declared himself unavailable for a quick conference call to the
20 Court that had been suggested by counsel for the City.

21     The Court speculates that Plaintiff's counsel's position
22 regarding the Court having ordered no depositions resulted from a
23 statement made in connection with a motion to amend that was
24 heard on October 27, 2006. However, the Court has reviewed the
25 pertinent portion of the transcript of the hearing of October 27
26 and notes that the Court stated that the scheduling conference
27 would be off-calendar until the Court ruled on the motion to
28 amend; the Court specifically stated that that did not preclude

the parties from beginning to engage in discovery if that was their pleasure. Thus, it is not correct that the Court made an order that precluded the deposition. Further, no cause has been shown for Plaintiff's counsel's waiting until the day before the deposition to inform opposing counsel that neither he nor his client would be appearing. Indeed, earlier notice and communication, accompanied by timely resort to the option of an informal telephonic discovery conference, could have cleared up any misunderstanding and would have obviated this portion of the motion in its entirety. Thus, the Court finds that the pendency of a motion to amend the pleadings did not under the circumstances constitute cause or justification for a last-minute, unilateral refusal to attend a scheduled deposition.

    The moving parties have established that as a direct result of the cancellation of the depositions, Bruce Praet, counsel for the City of Fresno, reasonably incurred $1488.08 in costs, consisting of 6 hours of attorney's fees at $185.00 per hour (in October 2006, 0.5 hour in communications regarding rescheduling the deposition; in November 2006, 1.5 hours of communications with counsel and the Court concerning the second cancellation, 2.0 hours in preparing the motion for sanctions, and 2.0 hours in preparing the reply, totaling reasonable attorney's fees of $1,110.00), and $378.08 for two airline cancellation fees and a hotel cancellation fee.

    Further, it has been established that as a direct result of Plaintiff's counsel's conduct, Bruce B. Johnson, Jr., senior deputy of the office of the Fresno County Counsel, incurred costs in the amount of $475.20, reflecting 4.8 hours of reasonably

4

1  expended attorney time (communication, preparation, travel and
2  attendance to record nonappearance, and preparation of notice of
3  joinder and supporting declaration) at $99.00 per hour.
4      The Court is informed and understands that the deposition of
5  Plaintiff has occurred. Thus, the moving parties' alternate
6  request, namely, that the action be ordered dismissed in the
7  event of Plaintiff's failure to attend any deposition ordered in
8  the future, is now moot and will not be considered by the Court.
9      Accordingly, it IS ORDERED that
10     1. The motion of Defendants City of Fresno, Jerry Dyer, and
11 County of Fresno for sanctions IS GRANTED in part and denied in
12 part; and
13     2. Plaintiffs and their counsel ARE DIRECTED to pay to Bruce
14 D. Praet, of Ferguson, Praet & Sherman, $1488.08 no later than
15 November 15, 2007; and
16     3. Plaintiff and her counsel ARE DIRECTED to pay to Bruce B.
17 Johnson, Jr. of the office of the County Counsel of Fresno,
18 $475.20 no later than November 15, 2007.

IT IS SO ORDERED.

**Dated:   August 16, 2007**                    /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE