DENNIS A. MARSHALL
  County Counsel
BRUCE B. JOHNSON, JR.
  Senior Deputy County Counsel – SBN 142968
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California 93721

Telephone: (559) 488-3479
Facsimile:  (559) 488-1900

Attorneys for Defendant, COUNTY OF FRESNO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LAVETTE SANDERS, | Case No. 1:05 cv 00469 AWI SMS |
|---|---|
| Plaintiff, | DEFENDANT COUNTY OF FRESNO'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION |
| Vs. | |
| CITY OF FRESNO, et al., | |
| Defendants. | Date: January 28, 2008<br>Time: 1:30 p.m.<br>Ctrm: 2 |

TO THE PLAINTIFF, LAVETTE SANDERS, AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on January 28, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-referenced court, located at 2500 Tulare Street, Fresno, California 93721, the defendant, COUNTY OF FRESNO ("County"), will move the court for summary judgment or summary adjudication, on the grounds set forth below.

I

STATEMENT OF FACTS

A. It is undisputed that no employee of the County participated in subduing Michael Sanders.

As of August 19, 2004, plaintiff LaVette Sanders and her husband, Michael Sanders, resided at 4869 E. Oslin, within the incorporated limits of the City of Fresno (not within the unincorporated area of the County of Fresno). (SUF 1) On August 20, 2004, at approximately

1

2:00 a.m., following a disturbance involving LaVette and Michael at the Oslin address, Michael placed a 911 call. (SUF 2)

Officers Richard Brown, Jesse Herring, Eloy Escareno, Beau Burger and Alma Figueroa responded to the scene. Some of those officers applied Taser devices to Michael in order to subdue him. (SUF 2, 3) LaVette alleges that Michael died as a result of the officers' application of the Tasers to Michael. (SUF 2) No other officers were present apart from Brown, Herring, Escareno, Burger and Figueroa. (SUF 3) No other employees of the City or County had contact with Michael before he died. (SUF 3)

No County employee had any involvement in responding to the Sanders residence at 4869 E. Oslin, on the morning of August 20, 2004. (SUF 4) Generally, the City of Fresno's Police Department, and not the Fresno County Sheriff's Department, would be involved in responding to calls for service from an address within the incorporated limits of the City. (SUF 4) As of August 20, 2004, the County did not employ anyone named Jerry Dyer, Richard Paul Brown, Jesse Herring, Eloy Escareno, Beau Burger and/or Alma Figueroa. (SUF 3)

As a long-time member of the Fresno community, plaintiff is aware that peace officers employed by the Fresno County Sheriff's Department are generally clad in light brown uniforms. Plaintiff does not recall that any of the peace officers who came to her door on the morning in question were wearing light brown uniforms. (SUF 8)

The Fresno County Sheriff's Department maintains Watch Commander logs which detail all events of significance, including all events involving the use of force. Any in-custody death involving the Sheriff's Department would certainly be included in the logs. However, the logs for those dates contain no mention of any incident or use of force involving Michael, or any incident or use of force at the address of 4869 E. Oslin. (SUF 5)

As of August 20, 2004, the Sheriff's Department had never equipped any of its peace officers with any Taser product. As of August 20, 2004, the Sheriff's Department's peace officers did not carry and had never used any Taser products in the line of duty. (SUF 6)

The County had no control over any of the events on the morning in question. Unlike the City and County of San Francisco, the City of Fresno and the County of Fresno are not a

County's Mo. for Sum. Judgment or Sum. Adjud.

conjoined municipal entity. At no time since January 1, 1990, has the Fresno County Sheriff's Department had any control of the hiring practices of the Fresno City Police Department. At no time since January 1, 1990, has the Fresno County Sheriff's Department had any control over the policies or procedures of the Fresno City Police Department concerning appropriate use of force. (SUF 7)

B.  <u>In the Third Amended Complaint, plaintiff alleges falsely that the County participated in subduing plaintiff's decedent, and there are no other allegations against the County.</u>

In the most recent iteration of the unverified complaint, plaintiff falsely alleges that the County participated in subduing Michael with Tasers. The County is included as a defendant with respect to six of the nine claims for relief, five of which are state law claims (1st: wrongful death; 4th: IIED; 5th: negligence; 8th: false imprisonment; 9th negligence), and one of which is brought under federal law (2nd: section 1983).

Plaintiff alleges that Brown, Escareno, Herring and Burger "fired numerous Taser darts into [Michael's] body, and applied [a Taser] repeatedly in 'drive mode'." (TAC, p. 2.) These same officers "then handcuffed [Michael], placed him face down on a gurney, suffocating him and placed him in an ambulance. [Michael] ultimately stopped breathing." (<u>Id.</u>) The County, the City and the individual defendants identified above "knew of the likelihood that [Michael] would suffer from being electrocuted with Taser devices". (TAC, p. 5.) Further, the "CITY and COUNTY" were on "notice on repeated occasions of a pattern of ongoing constitutional violations" allegedly visited upon citizens by Brown, Escareno, Herring and Burger. (TAC, p. 6.) The County and City failed to "take necessary steps . . . to prevent their continued perpetration by its police officers, including" Brown, Escareno, Herring and Burger. (TAC, p. 7.)

The City and County breached a duty of reasonable care in the "hiring, selection and training" of these officers. (TAC, p. 11.) The City and County are "vicariously liable . . . for the acts and omissions of" Jerry Dyer, Chief of Police. (TAC, p. 15.)

Accordingly, plaintiff falsely alleges that County-employed officers subdued Michael.

///

County's Mo. for Sum. Judgment or Sum. Adjud.

## II

## SUMMARY JUDGMENT SHALL ISSUE IF THERE IS

## NO GENUINE ISSUE AS TO ANY MATERIAL FACT

Federal Rules of Civil Procedure, Rule 56 provides, in pertinent part:

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

## III

## UNDER THE STATE LAW CAUSES OF ACTION, THE COUNTY HAS

## NO VICARIOUS OR RESPONDEAT SUPERIOR LIABILITY EXCEPT

## FOR THE ACTS OR OMISSION OF ITS OWN EMPLOYEES

Under California state law, public entity liability is solely statutory. California Government Code section 815 provides:

"*Except as otherwise provided by statute*:
(a) *A public entity is not liable for an injury*, whether such injury arises out of an act or omission of the public entity or a *public employee or any other person*.
(b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person. (Emph. added.)

The Legislature has provided for only one form of public entity vicarious or respondeat superior liability: for the acts or omissions of "*of an employee of the public entity* within the scope of his employment." (Cal. Gov. Code, sec. 815.2(a); emph. added.) Section 815.2(a) modifies section 815 with respect to public employees (acting within the scope of employment),

4

County's Mo. for Sum. Judgment or Sum. Adjud.

but does not abrogate immunity for the acts or omissions of "any other person", i.e., persons **_not_** employed by the public entity.

Indeed, California Government Code section 820.8 specifically immunizes a public employee "for an injury caused by the act or omission of another person." Therefore, no employee of the County could be liable for any alleged acts or omissions of third persons, including those employed by the City. Pursuant to Government Code section 815.2(b)[1], the County enjoys any immunity inuring to its employees' benefit. This statutory framework suggests a legislative intent against one public entity's liability for the acts or omissions of the employees of another public entity. See, Buford v. State of California (1980) 104 Cal.App.3d 811, 818-819 (the City of Visalia is "**_not vicariously liable_**" for the acts of employees under the hire of the County of Tulare).

Accordingly, summary judgment should issue for the County as against plaintiff's state law causes of action.

IV

UNDER THE CLAIM FOR RELIEF FOUNDED UPON 42 U.S.C. SECTION 1983, THE COUNTY IS NOT LIABLE BECAUSE THE COUNTY WAS NOT A CAUSE IN FACT OF ANY ALLEGED CONSTITUTIONAL DEPRIVATION

Given that no County employee participated in subduing Michael, the County was not a cause-in-fact of any alleged constitutional deprivation. Summary judgment should issue.

42 U.S.C. section 1983 imposes liability against a defendant who "subjects or causes to be subjected . . . to the deprivation" of a federally recognized right. This very language requires a causal connection between the defendant's conduct and the plaintiff's constitutional deprivation. Nahmod, Civil Rights and Civil Liberties Litigation: the Law of Section 1983 (4th Ed.), vol. 1, sec. 3:110, at p. 3-418. In *Monell v. Department of Social Services*, 436 U.S. 658, 691, the United States Supreme Court stated:

---

[1] Section 815.2(b) states: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

5

County's Mo. for Sum. Judgment or Sum. Adjud.

" . . . [T]he language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature **_caused_** a constitutional tort." (Emph. added.)

Accordingly, as with the state law causes of action, the County is entitled to summary judgment for want of involvement in the subduing of plaintiff. There is no causal connection.

## V

## THE COUNTY REQUESTS THAT IN LIGHT OF THE COMPLAINT'S ALLEGATIONS, TREATING THE COUNTY AS SIMILARLY SITUATED TO THE CITY, THE COURT *SUA SPONTE* ORDER SUMMARY JUDGMENT FOR THE COUNTY, BASED ON ANY AND ALL GROUNDS FOR SUMMARY JUDGMENT ASSERTED BY THE CITY

The City of Fresno filed an independent motion for summary judgment in this matter. Given that in the unverified Third Amended Complaint, plaintiff does not allege that the County engaged in any act or omission independent of the City, the County would request that the Court sua sponte order the City's arguments for summary judgment equally applicable to the County's motion.

## CONCLUSION

For the foregoing reasons, the County requests that an order issue granting the County summary judgment or, alternatively, summary adjudication of claims for relief.

Dated: December __, 2007

DENNIS A. MARSHALL
County Counsel

By: _____
BRUCE B. JOHNSON, Senior Deputy
Attorneys for Defendant County of Fresno

## PROOF OF SERVICE

### *SANDERS v. CITY OF FRESNO et al.*
### United States District Court 1:05 CV 00469 AWI SMS

I, URSULA BUFE, declare as follows:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed at the Fresno County Counsel's Office, 2220 Tulare Street, Fifth Floor, Fresno, California, 93721.

On December 12, 2007, I served a copy(ies) of the within documents

**Defendant County of Fresno's Motion for Summary Judgment or Summary Adjudication**

on the interested party(ies) in said action addressed as follows:

| | |
|---|---|
| WAUKEEN Q. McCOY<br>LAW OFFICES OF WAUKEEN Q. McCOY<br>703 MARKET STREET, SUITE 1407<br>SAN FRANCISCO CA 94103 | Counsel for Plaintiffs<br><br><br>**Via electronic filing** |
| BRUCE D. PRAET, ESQ.<br>FERGUSON PRAET & SHERMAN<br>1631 E 18TH ST<br>SANTA ANA, CA 92705 | Counsel for City of Fresno<br>and Jerry Dyer<br><br>**Via electronic filing** |
| MILDRED K. O'LINN<br>MANNING & MARDER, KASS,<br>ELLROD, RAMIREZ<br>14TH FLOOR<br>801 S. FIGUEROA STREET<br>LOS ANGELES, CA 90017 | Counsel for Taser International, Inc.<br><br>**Via electronic filing** |

☐ by placing the document(s) listed above for mailing in the United States mail at Fresno, California, in accordance with my employer's ordinary practice for collection and processing of mail, and addressed as set forth above.

☐ by transmitting via facsimile the above listed document(s) to the fax number(s) set forth above on this date before 5:00 p.m. pacific standard time.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth above.

☒ via electronic filing. The above party/ies is/are registered with the United States District Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

☐ by placing the document(s) listed above in a sealed envelope, and placing the same for overnight delivery by California Overnight at Fresno, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 12, 2007, at Fresno, California.

*Ursula Bufe*
URSULA BUFE