1  DENNIS A. MARSHALL
     County Counsel
2  BRUCE B. JOHNSON, JR.
     Senior Deputy County Counsel – SBN 142968
3  FRESNO COUNTY COUNSEL
   2220 Tulare Street, 5th Floor
4  Fresno, California 93721

5
   Telephone: (559) 488-3479
6  Facsimile:   (559) 488-1900

7  Attorneys for Defendant, COUNTY OF FRESNO

8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11
| LAVETTE SANDERS, | Case No. 1:05 cv 00469 AWI SMS |
|---|---|
| Plaintiff, | DEFENDANT COUNTY OF FRESNO'S STATEMENT OF UNDISPUTED MATERIAL FACTS |
| Vs. | |
| CITY OF FRESNO, et al., | |
| Defendants. | Date: January 28, 2008<br>Time: 1:30 p.m.<br>Ctrm: 2 |

| Undisputed Facts | Supporting Evidence |
|---|---|
| 1. As of August 19, 2004, plaintiff LaVette Sanders and her husband, Michael Sanders, resided at 4869 E. Oslin, within the incorporated limits of the City of Fresno (not within the unincorporated area of the County of Fresno). | Johnson Dec., Exhs. "A" and "B" – Reqs. for Admission Nos. 1 through 7; Sanders Dep., 99:12-21 |
| 2. On August 20, 2004, at approximately 2:00 a.m., following a disturbance involving Michael and LaVette at the Oslin addres, Michael placed a 911 call. Four to five officers responded to the scene, and ultimately applied Taser devices to Michael in order to subdue him. LaVette alleges that Michael died as a result of application of the Tasers to Michael. | Pl. Dep., 33:3-13 (date of time of incident); 53:3-55:22 (Michael placed 911 call); 61:6-13 (upon opening door, LaVette saw 4-to-5 officers); 74:5-77:3 (officers had Tasers out; female officer led LaVette to other room, at which point LaVette heard the other officers using Tasers upon Michael); Third Amended Complaint, paras. 9-13, 15 (LaVette alleges that the officers used Tasers with knowledge of |

| | | |
|---|---|---|
| | | "likelihood that [Michael] would suffer substantial harm from being electrocuted with Taser devices . . ."). |
| | 3. On the morning in question, the following persons had contact with Michael and/or LaVette before Michael's death: Alma Figueroa, Richard Brown, Jesse Herring, Eloy Escareno and Beau Burger. No other officers were present prior to Michael's death. As of August 20, 2004, the County did not employ anyone named Jerry Dyer, Richard Paul Brown, Jesse Herring, Eloy Escareno, Beau Burger and/or Alma Figueroa. | Burger Dep., 15:4-17; 16:13-19; 17:1-18:22 . (persons present included "Officer Figueroa", "Sgt. Brown, Officer Herring, Officer Escareno" and Officer Burger; Burger testified that he was employed by the City of Fresno Police Department. "[N]o other officers" were present, and no other employees "for City or County"); Third Amended Complaint, paras. 9-13, 15 (LaVette alleges that Officers Brown, Herring, Escareno and Burger used Tasers with knowledge of "likelihood that [Michael] would suffer substantial harm from being electrocuted with Taser devices . . ."); Nerland Dec., para. 2 (as of August 20, 2004, the County employed nobody by those names, or by the names of Jerry Dyer or Alma Figueroa). |
| | 4. No County employee had any involvement in responding to the Sanders residence at 4869 E. Oslin, on the morning of August 20, 2004. The address is within the incorporated limits of the City of Fresno. Generally, the City of Fresno's Police Department, and not the Fresno County Sheriff's Department, would be involved in responding to calls for service from an address within the incorporated limits of the City of Fresno. | Pursell Dec., para. 4 |
| | 5. The Sheriff's Department maintains Watch Commander logs which detail all events of significance, including all events involving the use of force. Any in-custody death involving the Sheriff's Department would certainly be included in the logs. However, the logs for those dates contain no mention of any incident or use of force involving Sanders, or any incident or use of force at the address of 4869 E. Oslin. | Pursell Dec., para. 5, and at Exh. "A" |
| | 6. As of August 20, 2004, the Sheriff's Department had never equipped any of its peace officers with any Taser product. As of August 20, 2004, the Sheriff's Department's peace officers did not carry and had never used any Taser products in the line of duty. | Pursell Dec., para. 6 |

| | |
|---|---|
| 7. The County had no control over any of the events on the morning in question. Unlike the City and County of San Francisco, the City of Fresno and the County of Fresno are not a conjoined municipal entity. At no time since January 1, 1990, has the Fresno County Sheriff's Department had any control of the hiring practices of the Fresno City Police Department. At no time since January 1, 1990, has the Fresno County Sheriff's Department had any control over the policies or procedures of the Fresno City Police Department concerning appropriate use of force. | Pursell Dec., para. 7 |
| 8. As a long-time member of the Fresno community, plaintiff is aware that peace officers employed by the Fresno County Sheriff's Department are generally clad in light brown uniforms. Plaintiff does not recall that any of the peace officers who came to her door on the morning in question were wearing light brown uniforms. | Sanders Dep., 96:18-97:18 |

Dated: December 6, 2007       DENNIS A. MARSHALL
                              County Counsel


                       By:    BRUCE B. JOHNSON, Senior Deputy
                              Attorneys for Defendant County of Fresno

# PROOF OF SERVICE

## *SANDERS v. CITY OF FRESNO et al.*
### United States District Court 1:05 CV 00469 AWI SMS

I, URSULA BUFE, declare as follows:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed at the Fresno County Counsel's Office, 2220 Tulare Street, Fifth Floor, Fresno, California, 93721.

On December 12, 2007, I served a copy(ies) of the within documents

**Defendant County of Fresno's Statement of Undisputed Material Facts**

on the interested party(ies) in said action addressed as follows:

| | |
|---|---|
| WAUKEEN Q. McCOY<br>LAW OFFICES OF WAUKEEN Q. McCOY<br>703 MARKET STREET, SUITE 1407<br>SAN FRANCISCO CA 94103 | Counsel for Plaintiffs<br><br><br>**Via electronic filing** |
| BRUCE D. PRAET, ESQ.<br>FERGUSON PRAET & SHERMAN<br>1631 E 18TH ST<br>SANTA ANA, CA 92705 | Counsel for City of Fresno<br>and Jerry Dyer<br><br>**Via electronic filing** |
| MILDRED K. O'LINN<br>MANNING & MARDER, KASS,<br>ELLROD, RAMIREZ<br>14TH FLOOR<br>801 S. FIGUEROA STREET<br>LOS ANGELES, CA 90017 | Counsel for Taser International, Inc.<br><br>**Via electronic filing** |

☐ by placing the document(s) listed above for mailing in the United States mail at Fresno, California, in accordance with my employer's ordinary practice for collection and processing of mail, and addressed as set forth above.

☐ by transmitting via facsimile the above listed document(s) to the fax number(s) set forth above on this date before 5:00 p.m. pacific standard time.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth above.

☒ via electronic filing. The above party/ies is/are registered with the United States District Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

| | |
|---|---|
| 1 | |
| 2 | ☐ by placing the document(s) listed above in a sealed envelope, and placing the same for overnight delivery by California Overnight at Fresno, California. |
| 3 | |
| 4 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| 5 | Executed on December 12, 2007, at Fresno, California. |

*Ursula Bufe*
URSULA BUFE