IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVETTE SANDERS, individually and as guardian ad litem for the estate of Michael Sanders,<br><br>             Plaintiff,<br><br>       v.<br><br>THE CITY OF FRESNO a municipality; THE COUNTY OF FRESNO, a municipality; TASER INTERNATIONAL, Inc. a corporation doing business in California; JERRY DYER, an individual; RICHARD PAUL BROWN, an individual, ELOY ESCARANEO, an individual, JESSE HERRING, an individual, BEAU BURGER, an individual, and DOES 5 through 10, inclusive,<br><br>             Defendants. | CIV F 05-0469 AWI SMS<br><br>ORDER ON PLAINTIFF'S RULE 54(b) MOTION, STAYING CASE, and VACATING JUNE 9, 2008, HEARING DATE |

   This is a wrongful death case arising from a police encounter in the home of Michael and Lavette Sanders. In a previous order, this Court granted the City of Fresno Defendants' motion for summary judgment. The order disposed of all claims against these Defendants. The only unresolved claims that remain are against Taser International for: (1) wrongful death, (2) strict products liability, and (3) negligent misrepresentation.

   Plaintiff has prematurely filed a notice of appeal and now moves the Court for an order

entering final judgment as to the City of Fresno Defendants pursuant to Rule 54(b). Plaintiff also requests that the Court stay the proceedings against Taser during the appeal. No oppositions have been filed by any Defendant to Plaintiff's Rule 54(b) request. Taser has stated that it does not oppose staying the proceedings against it, but does request that the expert designation date of June 2, 2008, remain in full force.

*Legal Standard*

Federal Rule of Civil Procedure 54(b) "provides that final entry of judgment should be made on individual claims in multiple claim suits 'upon an express determination that there is no just reason for delay.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 954 (9th Cir. 2006) (quoting Fed. R. Civ. Pro. 54(b)).[1] In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956); Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005). Second, the court must determine whether there is any just reason for delay. Curtiss-Wright, 446 U.S. at 7; Wood, 422 F.3d at 878. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Curtiss-Wright Corp., 446 U.S. at 8; Sears, Roebuck, 351 U.S. at 437; Wood, 422 F.3d at 878. A court's application of Rule 54(b) should preserve "the historic federal policy against piecemeal appeals." Curtiss-Wright, 446 U.S. at 8; Sears, Roebuck, 351 U.S. at 438; Wood, 422 F.3d at 878-79. The Ninth Circuit has stated that the appropriate focus for a

---

[1] In its entirety, Rule 54(b) reads:

When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

2

court's Rule 54(b) decision is, "severability and efficient judicial administration." Wood, 422 F.3d at 880; Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir.1987); cf. Curtiss-Wright, 446 U.S. at 8 (holding that lower court properly considered separateness of claims and that no appellate court would have to decide the same issues more than once). The district court is to make specific findings that set forth the reasons for granting a Rule 54(b) motion. In re Lindsay, 59 F.3d 942, 951 (9th Cir. 1995); Morrison-Knudsen v. Archer, 655 F.2d 962, 965 (9th Cir.1981).

*Resolution*

A Rule 54(b) judgment is appropriate. First, there is a "final judgment" in relation to each of the City of Fresno Defendants. The Court granted summary judgment in favor of the City of Fresno Defendants as to all claims alleged against them by Plaintiff. The summary judgment order is an "ultimate disposition." See Curtiss-Wright, 446 U.S. at 7.

Second, the Court sees no just reason for delaying an appeal. The claims against the City of Fresno Defendants were based on their use of force against Michael Sanders and their post-force conduct towards Michael Sanders. In other words, the claims against the City of Fresno Defendants are in essence civil rights claims. In contrast, the claims against Taser are based on conduct in the manufacturing of the Taser and Taser's conduct towards the City of Fresno in terms of marketing. That is, Plaintiff's claims against Taser are essentially products liability claims. The claims against Taser and the claims against the City of Fresno Defendants are separate/severable. Further, the Court does not a see a danger that the Ninth Circuit will have to address the same issues twice or that piecemeal appeals will occur. The Court's summary judgment order found that the City of Fresno Defendants acted reasonably, or alternatively, that qualified immunity was appropriate. Whether the City of Fresno Defendants failed to adequately monitor Michael Sanders, used excessive force against him through multiple taser applications, or would have known that their conduct violated Michael Sanders's federal rights do not appear to be issues that will affect the claims against Taser. The majority of Plaintiff's claims were against the City of Fresno Defendants and those Defendants are no longer part of the active case.

3

The Court sees no just reason to make Plaintiff wait to appeal.[2] See Curtiss-Wright, 446 U.S. at 8.

With respect to Plaintiff's request for a stay, Taser does not oppose this request. At Taser's trial, some level of "background evidence" regarding the circumstances of Michael's death would be presented to a jury. If the Ninth Circuit were to reverse this Court's summary judgment order, then the same witnesses who provided the background evidence for Taser's trial would have to present the same evidence, although more detailed, a second time in the City of Fresno Defendants' trial. This would cause the redundant expenditure of time and other resources by the witnesses and the Court. Since there is a possibility of having to give and receive the same evidence in separate trials, and since Taser does not oppose the stay, the Court will grant Plaintiff's requested stay.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. The June 9, 2008, hearing is VACATED;
2. Plaintiff's Rule 54(b) motion for entry of judgment is GRANTED;
3. The Clerk is directed to enter final judgment against plaintiff and in favor of the City of Fresno, Jerry Dyer, Richard Brown, Eloy Escareneo, Jesse Herring, and Beau Burger;
3. This case is STAYED until the Ninth Circuit issues its opinion regarding the summary

---

[2] In her briefing to the Court, Plaintiff indicates that, under *General Acquisition, Inc. v. Gencorp., Inc.*, 23 F.3d 1022, 1030 (**9th Cir.** 1994), this Court is to consider five factors in reviewing a Rule 54(b) motion. The problem is that *General Acquisition* is a case from the **Sixth Circuit**. Although the Court does not see anything wrong with the five factors identified by *General Acquisition*, by identifying it as a Ninth Circuit case, Plaintiff is misrepresenting the effect that the case should have. *General Acquisition* is only persuasive authority, it is not binding. The misidentification of *General Acquisition*'s origin is troubling because it is consistent with conduct (or misconduct) that occurred during the motion for summary judgment. As the summary judgment order indicates, Plaintiff on multiple occasions made assertions and cited supporting evidence, but the cited evidence did not in fact support the assertion. At best, Plaintiff's counsel is being careless; at worst, he is affirmatively trying to mislead the Court. The Court expects accuracy and candor in the filings and briefing before it, and Plaintiff's counsel is missing the mark. If Plaintiff's counsel continues to make inaccurate representations to the Court, he will be sanctioned.

[3] Taser requests that the expert designation date not be vacated. However, since Taser does not object to the staying of the case or to the vacation of all other remaining dates, including the trial date and dispositive motion deadline, the Court sees no benefit to keeping only the expert designation date.

4

judgment order in favor of the City of Fresno defendants;

4. All currently set pre-trial and trial dates are VACATED; and

5. After four (4) months from the issuance of this order, the parties will file a joint status report to the Court that indicates the progress of the appeal, and will do so every month thereafter until the Ninth Circuit renders a decision.

IT IS SO ORDERED.

**Dated:   June 3, 2008**                             /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE

5