# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVETTE SANDERS, individually and as guardian ad litem for the estate of Michael Sanders,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF FRESNO a municipality; THE COUNTY OF FRESNO, a municipality; TASER INTERNATIONAL, Inc. a corporation doing business in California; JERRY DYER, an individual; RICHARD PAUL BROWN, an individual, ELOY ESCARANEO, an individual, JESSE HERRING, an individual, BEAU BURGER, and DOES 5 through 10, inclusive,<br><br>　　　　Defendants. | 1:05-CV-469 AWI SMS<br><br>ORDER CLOSING CASE IN LIGHT OF STIPULATION FOR DISMISSAL WITH PREJUDICE |

　　After the Ninth Circuit affirmed summary judgment in favor of the Fresno Defendants, the only remaining Defendant is Taser International. On February 5, 2010, Plaintiff and Taser International filed a stipulation for dismissal with prejudice of this case pursuant to Federal Rule of Civil Procedure 41(a)(1). The notice is signed by all remaining parties who have appeared in this case.

　　Rule 41(a)(1), in relevant part, reads:

(A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion

1  for summary judgment; or (ii) a stipulation of dismissal signed by all parties who
2  have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

3  Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an

4  answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,

5  although an oral stipulation in open court will also suffice.  See Carter v. Beverly Hills Sav. &

6  Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th

7  Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made

8  in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.

9  41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule

10 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and

11 does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.

12 A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,

13 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,

14 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)

15 (addressing Rule 41(a)(1)(i) dismissals).

16  As the remaining parties have filed a stipulation for dismissal of this case under Rule

17 41(a)(1) that is signed by all remaining parties who have made an appearance, this case has

18 terminated.  See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747

19 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf.

20 Wilson, 111 F.3d at 692.

21

22  Therefore, IT IS HEREBY ORDERED that the Clerk is to CLOSE this case in light of

23 the parties's filed and properly signed Rule 41(a)(1) Stipulation Of Dismissal with prejudice.

24 IT IS SO ORDERED.

25 **Dated:   February 5, 2010**          /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE
26

27

28

2